SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR RECONSIDERATION OF ORDER OF RELEASE** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

COMES NOW the United States of America, respectfully requesting reconsideration of the Magistrate Court's October 29, 2020 determination to release Defendant RICKY JAMES JR. SALAS SANTOS.

**FACTS**

On September 9, 2020, an Indictment was returned charging Defendant RICKY JAMES JR. SALAS SANTOS ("SANTOS") with one count of Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

1

This case involves the interception of a U.S. mail package containing 470 grams of methamphetamine which was mailed to a Yigo residence. The package was received and opened by Defendant SANTOS. Law Enforcement entered Defendant SANTOS' residence and discovered an addition 1,191 grams of methamphetamine concealed in a bag of dry dog food in Defendant SANTOS' bedroom.

## **ARGUMENT**

On October 29, 2020, a detention hearing was held pursuant to 18 U.S.C. § 3142(f). Defendant SANTOS was released.

The United States respectfully requests that the District Court review the Magistrate's determination that Defendant SANTOS has overcome the presumption in favor of detention, or shown by clear and convincing evidence that there are adequate conditions or a combination of conditions that will reasonably assure the safety of any other person and the community.

18 United States Code Section 3145(a) states:

(a) **Review of a release order**. – If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court –

  (1) The attorney for the Government may file, with the court having original jurisdiction, over the offense, a motion for revocation of the order or amendment of the conditions of release; and

  (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

The District Court should revoke the Magistrate's determination of release in a case where it is presumed that there are no conditions or combination of conditions which will reasonably assure the safety of any other person and the community. There is a serious risk that Defendant SANTOS will obstruct or attempt to obstruct justice or threaten, injure, or intimidate

2

prospective witnesses or jurors. Defendant has not rebutted the presumption in favor of detention. Defendant SANTOS poses a danger to any other persons and the community. The instant case involves an offense for which the maximum term of imprisonment is ten years or more. Defendant's presence cannot be reasonably assured, nor can the safety of any other person or the community be ensured.

Release and detention of defendants pending trial is addressed in 18 U.S.C. § 3142. "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

Notably, 18 U.S.C. § 3142(e)(2) states:

(2) In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that –

  (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving to Federal jurisdiction had existed;

  (B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; and

  (C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense describe in Subsection (A), whichever is greater.

(3) Subject to rebuttal by the person, it shall be presumed that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed –

3

(A) an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

Subsection (f) enumerates the cases in which the rebuttable presumption arises. That section states:

> (f) Detention Hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> (1) upon motion of the attorney for the Government, in a case that involves—
>
>     (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
>     (B) an offense for which the maximum sentence is life imprisonment or death;
>
>     (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
>     (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
>     (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code…

18 U.S.C. § 3142(f) "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

The factors to be considered by the Court include "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591; a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; 3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, or parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use of collateral, of property, that, because of its source, will not reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(g) (emphasis added).

I. **Penalties for Methamphetamine – Mandatory Minimum**

Defendant SANTOS has been charged in Counts 1 and 2 with Attempted Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

The penalty for manufacturing, distributing, dispensing, or possessing with intent to

5

manufacture, distribute or dispense more than fifty (50) grams of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers is a term of imprisonment which may not be less than 10 years or more than life imprisonment and a $10,000,000 fine. Notably, this mandatory minimum of ten (10) years to life applies to first offenders.

## II. Factors To Be Considered

18 USC § 3142(g) sets forth the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. "The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning – ."

1) **nature & circumstances of the offense charge, including whether offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device.**

This case involves the defendant's participation in the distribution of methamphetamine on Guam. Defendant willfully participated in an unlawful plan to receive and distribute a significant amount of methamphetamine on Guam.

**2) Weight of evidence against the person**

The weight of the evidence against Defendant SANTOS is strong. The Drug Enforcement Administration and U.S. Postal Inspection Services investigated the case and observed the receipt of the package and discovered the cache of methamphetamine hidden in Defendant SANTOS' bedroom. Extractions of Defendant SANTOS' phone corroborate the distribution of methamphetamine.

6

**3) history and characteristics of person including -**

    **a. Person's Character**

Little is known by the Government regarding the Defendant's character.

    **b. Physical and Mental Condition**

Defendant SANTOS is believed to be in good health.

    **c. Family Ties**

Defendant SANTOS is believed to have ties to Guam.

    **d. Employment**

Defendant SANTOS has NO record of employment for the past five years.

    **e. Financial Resources**

It is unknown if Defendant SANTOS has financial resources.

    **f. Length of Residence in the Community**

Defendant SANTOS is a lifelong Guam resident.

    **g. Community Ties**

Defendant SANTOS is believed to be single.

    **h. Past Conduct**

Defendant SANTOS is believed to have past and recent involvement with methamphetamine use.

    **i. History Relating to Drug or Alcohol Abuse**

Defendant SANTOS is believed to be involved in the use of and distribution of controlled substances.

    **j. Criminal History and Record Concerning Appearance at Court Proceedings**

Defendant SANTOS has no felony criminal history, however, a pending Warrant

of arrest for misdemeanor offenses in the North Las Vegas Municipal Court, Nevada is still outstanding.

### k. Record Concerning Appearance at Court Proceedings

Unknown.

### l. Whether at Time of Current Offense or Arrest, the Person was on Probation, Parole, or on Other Release Pending Trial, Sentencing, Appeal or Completion of Sentence for an Offense Under Federal, State or Local law

Defendant SANTOS was not under probation, parole or release.

**4) the nature and seriousness of the danger to any person or the community that would be posed by the persons released.**

Defendant SANTOS poses a very serious danger to any person as well as to the community at large. Defendant is involved in the attempted receipt, and possession and distribution of methamphetamine hydrochloride. Significant concerns exist that Defendant SANTOS will attempt to obstruct justice, or threaten, injure, or intimidate prospective witnesses or jurors.

## III. Proffered Properties

In the event that Defendant SANTOS attempts to post property or monies agreeing to forfeit said money or properties upon failing to appear, the Government requests that the Court decline to accept said money or properties as collateral to secure a bond. The Government intends to seek the forfeiture of a money judgment from the defendant for property having an illegal source. 18 U.S.C. § 3142(g)(4). Further, a Notice of Forfeiture pursuant to 21 U.S.C. § 853 is contained in the Defendant's indictment, listing Defendant SANTOS' properties, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, and intended to be used, in any manner or part, to commit, and to

8

facilitate the commission of, the offense.

**CONCLUSION**

Pursuant to 18 U.S.C. § 3142(e), the Government is entitled to a rebuttable presumption that no condition, or combination of conditions, exist that would reasonably assure Defendant's appearance at future proceedings if released on bond. Defendant faces very serious charges and the possibility of a lengthy period of imprisonment. The weight of the evidence in this case is strong. Based upon these factors, the District Court should conclude that evidence in the record clearly establishes the risk of flight by a clear preponderance of the evidence. There is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi,* 767 F.2d 1403, 1406–07 (9th Cir. 1985). In the event of conviction, Defendant SANTOS is facing mandatory ten years imprisonment. Given the significant quantities of methamphetamine hydrochloride and the danger to the community, Defendant SANTOS' motion for release should have been denied.

Last, the United States urges the Court not to accept tainted bond as collateral. *United States v. Nebbia*, 357 F.2d 303 (2nd Cir. 1966). The United States respectfully requests that the District Court revoke the Magistrate's determination that the defendant be released.

DATED this 29th day of October, 2020.

                                                     SHAWN N. ANDERSON
                                                   United States Attorney
                                                   Districts of Guam and NMI

By:   /s/ Rosetta L. San Nicolas
       ROSETTA L. SAN NICOLAS
       Assistant U.S. Attorney

9