Office of the
# FEDERAL PUBLIC DEFENDER
District of Guam
400 Route 8, Suite 501
Mongmong, Guam 96910

Briana E. Kottke  
Assistant Federal Public Defender

Telephone: (671) 472-7111  
Email: briana_kottke@fd.org

September 1, 2020

Rosetta San Nicolas
Special Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

  **RE** **UNITED STATES v. RICKY JAMES JR. SALAS SANTOS.**
    **MJ 20-00092**

Hafa Adai Rosetta:

  In order to expedite disposition of this case, or adequately prepare for motions and trial, as the case may be, the government is requested to provide the following discovery at its earliest convenience.

1. Notice under Fed. R. Crim. P. 12(d)(2) of your intention to use in your case-in-chief at trial any evidence which the defendant may be entitled to discover under Fed. R. Crim. P. 16.

2. All materials mandated by Fed. R. Crim. P. 16 and by General Order No. 11-0007, including but not limited to:

    a) The defendant's written or recorded statements;

    b) The defendant's prior criminal record;

    c) Photographs, books, papers, documents and objects, etc., which are material to the preparation of the defense;

    d) Photographs, books, papers, documents, objects, etc., which belong to the defendant;

    e) Photographs, books, papers, documents, objects, etc., which were obtained from the defendant;

    f) Photographs, books, papers, documents, objects, etc., which you intend to use in your case-in-chief;

    g) All reports of examinations, tests, and experiments;

**EXHIBIT A**

        h)     Photographs used in any line-up, show-up, or photo spread; and information regarding any identification proceeding;

        i)     All search warrants and supporting affidavits connected to this case; and

        j)     Any evidence that the defendant was the subject of eavesdropping, wiretapping or any other interception of communications.

3. The conclusions and findings of any expert witness you intend to call, whether or not he has prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to defense to check conclusions and findings of experts").

4. The description of any prior conviction of the defendant, any "prior similar act" or any other evidence covered by Fed. R. Evid. 609 or 404(b) that you would seek to introduce at trial and the theory of its admission. United States v. Foskey, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give adequate notice of 404(b) evidence).

5. All written or recorded statements of the defendant or of any co-defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. United States v. Bailleux, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant") (emphasis added).

6. All agents' rough notes of all statements referred to in item 5 above. United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent's original interview notes, especially with the accused, are potentially discoverable under the Jencks Act and must be preserved).

7. The arrest and conviction record of each prospective government witness including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed), cert. denied, 489 U.S. 1032 (1989); Perkins v. Lefevre, 691

F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet"); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (criminal record of witness must be disclosed).

The disclosure of the criminal records should be well in advance of trial so that the defense will have time to obtain the necessary copies of conviction and docket sheets. Cf. Lewis v. Lane, 832 F.2d 1446, 1458-59 (7th Cir. 1987) (defense counsel found incompetent in relying on FBI's rap sheet and client's own recollection to verify records), cert. denied, 488 U.S. 829 (1988).

8. A copy of any federal or state probation or pre-sentence report of any prospective witness. See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

9. The oral and written results of any polygraph test administered to any witness. Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988); United States v. Lynn, 856 F.2d 430, 432-33 (1st Cir. 1989) (reversible error not to allow cross-examination about "inclusive polygraph results").

10. Any express or implicit promise, understanding, offer of immunity or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986) (all benefits and promises, including tax benefits); Wood v. United States, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable gross income earnings if later forfeited to government); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (government required to disclose pre-trial all promises and inducements); United States v. Risken, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees), cert. denied. 479 U.S. 923 (1986).

11. Any discussion with a prospective witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. Brown v. Dugger, 831 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes).

12. Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425, 428 (2d Cir.) (government is under affirmative duty to disclose fact that government witness is under investigation), cert. denied, 474 U.S. 945 (1985).

13. Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty. See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (evidence that witness previously lied to authorities must be disclosed), cert. denied, 489 U.S. 1032 (1989).

14. Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case. McDowell v. Dixon, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error not to disclose victim's prior inconsistent statement to police that attacker was white not black), cert. denied, 489 U.S. 1033 (1989); United States v. Hibler, 463 F.2d 455, 460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement that he identified defendant at lineup), cert. denied, 444 U.S. 1086 (1980); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed).

15. Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979); Hibler, supra.

16. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (government must disclose probation file of witness showing tendency to lie or "over-compensate" because motive to inform is discoverable), cert. denied, 489 U.S. 1032 (1989).

17. Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. See Fed. R. Evid. 608(b); United States v. Boffa, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

18. Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities), cert. denied, 489 U.S. 1032 (1989); Fed. R. Evid. 608(b).

19. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

20. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (probation file of government witness must be disclosed as part of criminal record), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-35 (narcotics use impairs memory, judgment and credibility).

21. Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. Miller v. Angliker, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence that person other than defendant committed murders), cert. denied, 488 U.S. 890 (1988); Bowen v. Maynard, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), cert. denied, 479 U.S. 962 (1986); James v. Jago, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness not mentioning defendant), cert. denied, 439 U.S. 883 (1978); Sellers v. Estelle, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports indicating guilt of another, reversible error), cert. denied, 455 U.S. 927 (1982).

22. All prospective government witnesses' personnel files. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) (failure to disclose personnel files of government witnesses that contain impeachment material is reversible error).

23. The prior record, promised immunities, and any other evidence affecting the issues of bias or credibility of all prospective government witnesses. See United States v. Auten, 632 F.2d 478 (5th Cir. 1980) (informant's criminal records discoverable); Giglio v. United States, 405 U.S. 150 (1972) (all promises of consideration given to witness discoverable); United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) (evidence of psychiatric treatment discoverable); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977) (identification of informant's prior testimony discoverable); United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972) (evidence of informant's narcotic habit discoverable).

    The inherent unreliability of the testimony of an accomplice underscores a need for a complete disclosure of information relating to credibility. See United States v. Caldwell, 466 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that the disclosure would, within "reasonable probability," affect the result of the proceeding. United States v. Bagley, 473 U.S. 667, 682 (1985).

24. The name and last known address of each prospective government witness. See United States v. Tucker, 716 F.2d 576, 583 (9th Cir. 1983) (failure to interview government witnesses by defense is ineffective assistance of counsel); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to government witnesses), cert. denied, 444 U.S. 1034 (1980); United States v. Armstrong, 621 F.2d 951, 955 (9th Cir. 1980) (court has discretion to order disclosure of names of witnesses); United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1987) (court has discretion to require government to provide defendant with a list of government witnesses); United States v. Shoher, 555 F. Supp. 346, 353-54 (S.D.N.Y. 1983) (names and addresses of witnesses ordered disclosed).

25. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984) (names of percipient witnesses not called by government must be disclosed).

26. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statement of witness must be disclosed); James v. Jago, 575 F.2d 1164, 1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be disclosed), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979) (duty to disclose police officer's testimony contradicting witness's identification of defendant), cert. denied, 444 U.S. 1086 (1980); Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of

witness casting doubt on defendant's identity).

27. Any evidence, including any statement by any person, tending to exculpate the defendant in whole or in part. Kyles v. Whitley, 115 S.Ct. 1555 (1995), United States v. Weintraub, 871 F.2d 1257, 1264 (5th Cir. 1989); United States v. Srulowitz, 785 F.2d 382, 388-90 (2nd Cir. 1986).

28. All prior written, recorded, or oral statements of each prospective witness relating to this case to whomever made.

29. All notes or any other writings or documents, used by the witness before the grand jury. United States v. Wallace, 848 F.2d 1464, 1470 (9th Cir. 1988).

30. Agents' or prosecutor's notes of interviews with prospective government witnesses. See Goldberg v. United States, 425 U.S. 94 (1976).

31. A transcript of the grand jury testimony of each prospective witness, and of all remarks addressed to the grand jury by the prosecutor. In addition, in order that the defense may prepare appropriate motions, if necessary, please state whether:

    a) An informer was in any way connected in this case.

    b) Any searches of persons or places occurred during any phase of this case. If so, please provide the date and location of the search and a list of the items seized.

It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. United States v. Bryan, 868 F.2d 1032 (9th Cir.) (prosecutor will be deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), cert. denied, 110 S. Ct. 167 (1989); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed to be in custody of United States attorney); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. United

States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c).

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

BRIANA E. KOTTKE
Assistant Federal Public Defender
District of Guam