SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RICKY JAMES JR. SALAS SANTOS,<br><br>            Defendant. | CRIMINAL CASE NO. 20-00021<br><br>**UNITED STATES' NOTICE OF INTENT TO MOVE TO ADMIT SELF-AUTHENTICATING EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE § 902(14).** |

      Pursuant to Federal Rules of Evidence § 902(14), the United States provides this notice of intent to introduce and admit data extracted from electronic devices, storage medium or files at the trial scheduled for May 18, 2021.

      Federal Rules of Evidence § 902 states as follows:

**Rule 902. Evidence That Is Self-Authenticating**
The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

(14) **Certified Data Copied from an Electronic Device, Storage Medium, or File.** Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

1

The reference to the "certification requirements of Rule 902(11) or (12)" is a process by which a proponent seeking to introduce electronic data into evidence must present a certification in the form of a written affidavit that would be sufficient to establish authenticity were that information provided by a witness at trial. This affidavit, provided by a "qualified person," is U.S. Coast Guard Special Agent Nicholas Wellein, who collected the evidence and can attest to the requisite process of digital identification utilized.

In applying Fed. R. Evid. § 902(14), the accompanying Judicial Conference Advisory Committee notes provide guidance and insight concerning the intent of the law and how it should be applied. The second paragraph of committee note to Fed.R.Evid. § 902(14) states, in its entirety, as follows:

> Today, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by "hash value." A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. If the hash values for the original and copy are different, then the copy is not identical to the original. If the hash values for the original and copy are the same, it is highly improbable that the original and copy are not identical. Thus, identical hash values for the original and copy reliably attest to the fact that they are exact duplicates. This amendment allows self-authentication by a certification of a qualified person that she checked the hash value of the proffered item and that it was identical to the original. The rule is flexible enough to allow certifications through processes other than comparison of hash value, including by other reliable means of identification provided by future technology.

The Advisory Committee notes further state that Rule § 902(14) is designed to streamline the admission of electronic evidence where its foundation is not at issue, while providing a notice procedure where "the parties can determine in advance of trial whether a real challenge to authenticity will be made, and can then plan accordingly." This rule provides that properly certified electronic data is now afforded a strong presumption of authenticity, an opponent may still lodge an objection, but the opponent now has the burden to overcome that presumption.

The United States further makes the record and certification of U.S. Coast Guard

Nicholas Wellein available for inspection by the defense. The United States requests that, pursuant to Fed.R.Evid. § 104, a hearing on the preliminary question regarding admissibility be held at the pretrial conference.

RESPECTFULLY SUBMITTED this 4th day of March, 2021.

SHAWN N. ANDERSON
Assistant United States Attorney
Districts of Guam and the NMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U. S. Attorney