SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO MOTION TO COMPEL DISCOVERY** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

Comes now the United States of America, by and through the undersigned Assistant U.S. Attorney, and hereby files this response to the Defendant's Motion to Compel Discovery and Brief in Support. (ECF 50).

**I.   PROCEDURAL HISTORY**

Defendant Ricky James Jr. Salas Santos ("Defendant") was indicted on September 9, 2020 of two counts: Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). (ECF 6).

On or about July 13, 2020, Postal Inspectors intercepted a U.S. Mail package addressed to "Shane Salas, 118 Abanbang Loop, Yigo, Guam 96929." The Magistrate Judge issued a search warrant for the "Shane Salas" package (MJ 20-0069). The package contained 455 gross grams of methamphetamine hydrochloride.

On or about August 24, 2020, Postal Inspectors intercepted a U.S. mail package addressed to "Shane Salas, 118 Abanbang Loop, Yigo, Guam." ("Shane Salas") The Court issued a search warrant for the "Shane Salas" package (MJ 20-0087). The package contained approximately 470 grams of methamphetamine hydrochloride. The Court granted the Postal Inspector permission to install a tracking warrant in the package (MJ 20-0088) and issued an anticipatory search warrant (MJ 20-0089).

On August 27, 2020, Defendant picked up the "Shane Salas" package. Defendant drove around the neighborhood area before returning to his residence, 118 Abanbang Loop, Yigo, Guam. The breaching device activated. Defendant was detained as he tried to leave the home. Law Enforcement entered Defendant's residence. They found the contents of the "Shane Santos" package as well as an additional 1,191 grams of methamphetamine concealed in a bag of dry dog food in the Defendant's bedroom.

On August 27, 2020, Postal Inspectors intercepted another U.S. mail package addressed to "Shane Salas." The package was also addressed to 118 Abanbang Loop, Yigo, Guam. The Court issued a search warrant for the "Shane Salas" package (MJ 20-0090). The package contained 1,661 grams of methamphetamine hydrochloride.

On September 3, 2020, the Magistrate Judge issued a warrant to search the Defendant's white Apple IPhone Cellular Telephone. (MJ 20-0095). On September 3, 2020, the Magistrate Judge issued a warrant to search a black Samsung Cellular Telephone. (MJ 20-0096). On

U.S. RESPONSE TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY
PAGE - 2

September 3, 2020, the Magistrate Judge issued a warrant to search a Nokia Cellular Telephone. (MJ 20-0097).

Trial in this case is scheduled for May 18, 2021. (ECF 47).

Defendant now moves the Court to compel discovery. (ECF 50).

**LAW AND ARGUMENT**

I. **The Discovery Provided to Defense**

At the outset, it is important to place on the record the Government's good faith efforts at compliance with its discovery obligations.

    a. **September 9, 2020 Disclosure**

On September 9, 2020, the Grand Jury returned an indictment. (ECF 6). The Court ordered that the Government's discovery was due to the Defendant on September 17, 2020. (ECF 10).

Before the September 17, 2020 deadline, on September 11, 2020, the Government provided the Defendant with discovery totaling three hundred and fifteen (315) pages of discovery bate stamped RSANTOS-00001 to RSANTOS-00315. These reports contain details regarding the seized items (toys, key), the controlled delivery of package and observations of events that occurred at the 118 Abanbang Loop residence, Defendant's pickup of package, driving around, the burning barrel, seizure of baggies from Defendant's truck, search of residence, the discovery of drugs in dog food and the Defendant's interview. This report also detailed the seizures of **Exhibit 6** (499 gross grams of methamphetamine in 15 vacuum sealed bags from Shane Salas package), **Exhibit 7** (zip lock bags with methamphetamine found in dog food bag 2,032.4 gross grams), **Exhibit 8** (zip lock bag with residue 35 gg. found in shelf), **Exhibit 9** (zip lock bag with smaller bags 55.1 gg. from safe), Exhibit 10 (meth pipe from shelf

35.3 gg.), Exhibit 11 (three zip lock bags 38.7 gg. with meth from Toyota truck), **Exhibit 12** (glass pipe with residue from Toyota 65.9 gg.) and **Exhibit 13** (drugs in bucket from MJ 20-0090).

This discovery also contained photographs of the Defendant's residence, seizure of the "Shane Salas" package and the toys and methamphetamine contained within, handwritten notes of Postal Inspector Whitsitt with witnesses Inspector Ellis and TFO Jonathan Calvo (Bate 186), photos of the "Shane Salas" package with drugs (MJ 20-00090), and photos of the "Shane Salas" package with drugs and handwritten notes of Postal Inspector Preston Ellis with witnesses Inspector Tracy, Whitsitt and TFO Jon Calvo (MJ 20-00069), the search warrants and tracking warrants and anticipatory warrants (MJ 20-00069, MJ 20-0087, MJ 20-00088, MJ 20-00089, MJ 20-00090, MJ 20-00095, MJ 20-00096, MJ 20-00097). The Federal Public Defender acknowledged receipt on September 11, 2020. **(Exhibit 1).**

The Government made a reciprocal discovery request of the Defendant. Nothing has been provided to the Government.

    **b. September 11, 2020 Request for Extension of Time**

On September 11, 2020, the Government filed a Motion for Extension of Time to Provide Discovery, namely the forensic extractions of the Defendant's cellular phones. (ECF 11). The Court granted the Government's Motion for Extension of Time to Provide Discovery until October 1, 2020. (ECF 12).

    **c. September 22, 2020 Disclosure**

Before the October 11, 2020 deadline, on September 22, 2020, the Government provided the Defendant with four compact disks containing the extractions from two of the Defendant's phones. The extractions were conducted pursuant to search warrants issued by the Magistrate

U.S. RESPONSE TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY
PAGE - 4

Judge to search a white Apple IPhone Cellular Telephone (MJ 20-0095), a black Samsung Cellular Telephone (MJ 20-0096), and a Nokia Cellular Telephone. (MJ 20-0097). The Federal Public Defender acknowledged receipt on September 23, 2020. **(Exhibit 2).**

    d.  **September 25, 2020 Disclosure**

On September 25, 2020, the Government provided the Defendant with thirty-two pages of discovery (32) bate stamped RSANTOS-00316 to RSANTOS-00348. These bate stamped pages represent the identification of the seized drugs (**Exhibits 6, 7, 8, 9**, 10, 11, **12**, 13 and **14**), items (key) and cell phones. The report details where the drugs were stored, who handled the drugs, the submission of the drugs to the Southwest Regional Laboratory, and the chain of custody for the drugs. The Federal Public Defender acknowledged receipt on September 28, 2020. **(Exhibit 3).**

    e.  **October 2, 2020 Disclosure**

On October 2, 2020, the Government provided the Defendant with four pages of discovery bate stamped RSANTOS-00349 to RSANTOS-00352. This discovery is the Drug Enforcement Administration Southwest Laboratory reports for the methamphetamine hydrochloride. Page 349 relates to the testing of 2,223 grams of methamphetamine at 99% purity (Exhibit #13), page 350 relates to the testing of 2.81 grams of methamphetamine at 99% purity (Exhibit #11), page 351 relates to the testing of .345 gram of methamphetamine hydrochloride at 99% purity **(Exhibit #8)**, and page 352 relates to the testing of methamphetamine hydrochloride residue (Exhibit #10). Bates 339 contains a report regarding the seizure of non-drug evidence (packaging material, cellular phones, tools, bucket, toys, key, etc.) seized from the Defendant. The Federal Public Defender acknowledged receipt on October 2, 2020. **(Exhibit 4).**

### f. October 15, 2020 – Defendant's Unopposed Motion to Continue Trial

On this date, Defendant moved for a continuance to obtain information regarding 1) clue spray, 2) handwritten notes regarding the surveillance of the Defendant, 3) laboratory results #**6, #9, #12, #14**, 4) Brady, Giglio and Henthorn material, and 5) records regarding K-9 searches and certifications. (ECF 18).

### g. October 21, 2020 Disclosures

On October 21, 2020, the Government provided the Defendant with thirteen pages of discovery bate stamped RSANTOS-00353 to RSANTOS-00366. This discovery consisted of the reports of U.S. Coast Guard / Forensic Examiner Nicholas Wellein, his Mobile Device Pre-Exam and Acquisition Form, notes, certification, and Curriculum Vitae. The Federal Public Defender acknowledged receipt on October 22, 2020. **(Exhibit 5).**

### h. October 30, 2020 Disclosures

On October 30, 2020, the Government provided the Defendant with thirteen pages of discovery bate stamped RSANTOS-00367 to RSANTOS-00380. This discovery consists of case notes of Agent Wellein, the results of the clue spray examination, surveillance of the 118 Abanbang Loop residence, observations of the Defendant picking up the package, the time the breaching device was activated, the detention of Defendant as he tried to leave the residence, Defendant's audio interview, and a corrective report regarding the color of the shirt Defendant wore when picking up the package and the color of the shirt he wore after arrest. The Federal Public Defender acknowledged receipt on October 30, 2020. **(Exhibit 6).**

### i. November 2, 2020 Disclosures

On November 2, 2020, the Government provided the Defendant with three pages of discovery bate stamped RSANTOS-00381 to RSANTOS-00383. This discovery is the Drug

Enforcement Administration Southwest Laboratory reports for the methamphetamine hydrochloride. Bates 381 relates to the testing of 1,711 grams of methamphetamine at 71% purity **(#7)**, bates 382-3 is the Curriculum Vitae of the Forensic Chemist. The Federal Public Defender acknowledged receipt on November 3, 2020. **(Exhibit 7).**

    **j. November 17, 2020 Disclosure**

On November 17, 2020, the Government provided the Defendant with discovery bate stamped RSANTOS-0384. This discovery consists of the audio recording of the Defendant's interview. The Federal Public Defender acknowledged receipt on November 18, 2020. **(Exhibit 8).**

    **k. January 6, 2020 – Defendant's Motion to Continue Trial**

On this date, Defendant moved for a continuance to obtain information regarding 1) clue spray, 2) handwritten notes regarding the surveillance of the Defendant, 3) laboratory results #**6, #9, #12, #14**, 4) *Brady, Giglio* and *Henthorn* material, and 5) records regarding K-9 searches and certifications. (ECF 46).

    **l. March 4, 2021 Disclosure**

On March 4, 2021, the Government received reports from the Guam Customs and Quarantine. The same day, the Government provided the Defendant with discovery bate stamped RSANTOS-00385 to RSANTOS-00404. This consists of Customs and Quarantine Agency, Guam after-action report, the alert by the canine, the Drug Detector Unit Proficiency Maintenance Record, training, and certifications. The Federal Public Defender acknowledged receipt on March 4, 2021**. (Exhibit 9).**

### m. Motion to Compel Discovery

On March 3, 2021, Defendant filed a Motion to Compel Discovery and Brief in Support. (ECF 50).

### n. Transcript

On March 4, 2021, the Court granted the Government permission to disclose the transcript. (ECF 53). This was served on Defendant on March 5, 2021. The Federal Public Defender acknowledged receipt on March 5, 2021. (**Exhibit 11**).

### o. March 8, 2021 Disclosure

On March 8, 2021, the Government received information for the USPIS regarding the chain of custody. This was bates stamped RSANTOS-0405 to RSANTOS-00419 and served on the Office of the Federal Public Defender. (**Exhibit 12**)

### p. March 9, 2021 Disclosure

On this date, the Government provided laboratory results for Exhibit **9** (17.18 grams of Dimethyl Sulfone from safe) and **12** (glass pipe contains methamphetamine hydrochloride residue). This was produced to the Defendant on March 9, 2021. (**Exhibit 13**).

## ARGUMENT

At the outset, this Court's June 15, 2011 Standing Order on Criminal Discovery, General Order 11-0007 states:

> MOTIONS FOR DISCOVERY: An attorney shall not file a discovery motion without first communicating with opposing counsel. The court may not consider a discovery motion unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. An attorney may not file a discovery motion for information or material within the scope of Federal Rule of Criminal Procedure 16 unless it is a motion to compel, a motion for protective order, or a motion for an order modifying discovery. See Fed. R. Crim. P. 16(d).

(**Exhibit 10**).

Rather than submitting a certification of such conference and showing the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel, Defendant submits to the Court a letter and three e-mails.

**Rule 16(a)(1)(E)**

Rule 16 of the Federal Rules of Criminal Procedure provides for the production of documents and objects, as follows:

> (E) **Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed.R.Crim.P. 16(a)(1)(E).

The Ninth Circuit Court of Appeals has explained the meaning of "material" within the meaning of former Rule 16(a)(1)(C), now Rule 16(a)(1)(E) as follows:

> In *United States v. Armstrong*, 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), the Supreme Court considered the parameters of Fed.R.Crim.P. 16(a)(1)(C) and ruled that defendants are entitled to the discovery of only those materials that are relevant to the defendant's response to the Government's case in chief: While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the "shield-only" reading. If "defense" means an argument in response to the prosecution's case in chief, there is a perceptible symmetry between documents "material to the preparation of the defendant's defense," and, in the very next phrase, documents "intended for use by the government as evidence in chief at the trial. *Id*. at 462, 116 S.Ct. 1480. Under *Armstrong*, the [defendants] are entitled to the discovery of only those materials relevant to the charges [against them].

United States v. Chon, 210 F.3d 990, 995 (9th Cir. 2000).

In *Chon*, because the discovery request was "considerably broader" and the materials in question "do not serve the purpose of fortifying the appellants' 'shield claims,' " the district court properly denied the defendants' discovery requests. *Id*. To put it another way, evidence is material under Rule 16 if it is relevant to the development of a possible defense. *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir.1995). However, conclusory assertions of the existence and materiality of additional documents are insufficient to satisfy the materiality requirement. *United States v. Littl*e, 753 F.2d 1420, 1445 (9th Cir.1984).

The Defendant's requests:

**<u>Handwritten notes of all officer/agents involved in the investigation</u>**.

The Government has provided handwritten notes to the Defendant. (*See* **Exhibits 1, 5 and 6**). The U.S. Attorney's Office's obligation to disclose materials under Rule 16 (as well as *Brady* and *Giglio*) only extends to materials within the prosecution's "possession, custody, or control." See Fed. R. Crim. P. 16(a)(1)(E); *Brady v. Maryland*, 373 U.S. 83; *Giglio v. United States*, 405 U.S. 150, 154 (applying the *Brady* standard). An agency's documents are in the prosecution's possession, custody, or control if the agency is part of the U.S. Attorney's Office's investigation or if the U.S. Attorney's Office "otherwise has 'knowledge' of and 'access' to that material." *United States v. Fort*, 478 F.3d 1099, 1102 (9th Cir. 2007).

The U.S. Attorney's Office is not in possession of handwritten notes other than those already provided to the Defendant in Exhibits 1 and 5.

Defendant must make a threshold demonstration of "facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). In addition, "requests which are designed to generally cast for impeachment [evidence] ... are not material. Such requests are simply speculative inquiries

without basis in fact to believe that the information acquired will be significantly helpful."
*United States v. Salyer*, 271 F.R.D. 148, 157 (2010).

### Policies of Procedures Relating to Drafting Reports, Drafting Records, Preserving Surveillance Efforts

Defendant seeks "copies of the policies of procedures relating to drafting reports, drafting records, and otherwise preserving surveillance efforts and actions taken during in the investigation and arrest of a suspect." (ECF 50).

Defendant appears to be requesting for the DEA Agent's Field Manual (as well as USPIS, GPD and HSI's Manuals), the Government objects to such disclosure. To order the production of the DEA Field Manual (and other agency manuals) will create an unacceptable risk that the information contained therein will be disseminated, revealing tactics and potentially endangering agents and confidential sources in the field. Here, this case involved the detection of a suspicious package and the undercover surveillance of the package. If the DEA Agent's Field Manual (and other agency's manuals) became public, drug traffickers would learn investigative tactics and techniques used by the DEA. Knowledge of techniques would enable drug traffickers to determine whether their customers and associates are DEA confidential sources or undercover agents and the disclosure could, in effect, reveal the DEA's "game plan," permitting drug traffickers to frustrate investigations.

The Government concludes that there has simply been no sufficient showing that the DEA Agent's Field Manual (or other agency manuals) is "material" within the meaning of Rule 16(a)(1)(E). Beyond conclusory assertions that the Agent's Field Manual will help to cross-examine agents and fill "additional holes", this is not enough, see *Little*, 753 F.2d at 1445, the defendant has made no showing that the DEA Agent's Field Manual (or other agency manuals) will " 'refute the Government's arguments that the defendant[s] committed the crime[s] charged.'

" *Chon*, 210 F.3d at 995 (quoting *Armstrong*, 517 U.S. at 462, 116 S.Ct. 1480). Thus, the Agent's Field Manual "do[es] not serve the purpose of fortifying [the defendants'] 'shield claims.'" *Id*.

The defendant has already been provided with sufficient discovery concerning the detection of the packages and the investigation for the defendant to attempt to refute the proof those agents and task force officers may offer that the defendant committed the crimes charged. Similarly, there is simply no showing, beyond conclusory assertions, that the DEA Agent's Field Manual (and other agency manuals) will " 'refute the Government's arguments that the defendant[s] committed the crime[s] charged,' " *id*. (quoting *Armstrong*, 517 U.S. at 462, 116 S.Ct. 1480). The Defendant has the corrective reports regarding the clothing the Defendant wore, the tests performed by the DEA Chemist which determine whether or not the substance at issue is what the prosecution claims and whether or not the defendant is guilty of the crimes charged - not the procedures outlined in the DEA or other agency field manuals. The defendant has been provided with adequate disclosure of the reports, the tests performed by the Government's expert on the methamphetamine hydrochloride and the results of those tests to address material issues.

Thus, the court cannot find that the manual at issue is material in the first place or that production is required by Rule 16(a)(1)(E).

To allow an order compelling production of the manual or imposing sanctions for failing to produce them would be an erroneous conclusion that disclosure is required by Rule 16(a)(1)(E). This would result in a manifest injustice, negativing the finding of criminal charges by a grand jury which found probable cause.

### Clue Spray Analysis/Documents Relating to Arrest/Questioning/Search

The Government invites the Defendant to review the discovery provided to him on October 30, 2020, wherein the Government provided the Defendant with thirteen pages of discovery bate stamped RSANTOS-00367 to RSANTOS-00380. This discovery contains the results of the clue spray examination, the detention of Defendant as he tried to leave the residence, and Defendant's audio interview. (**Exhibit 6**).

### *Brady, Giglio* and *Henthorn* Materials

The Government has made inquiries regarding the law enforcement officers involved in this case. The Government has no material to disclose to the Defendant.

### Any Investigative Reports Regarding the Initial Package Being Identified as Suspicious

The United States has provided the search warrants to the Defendant which contain the observations of the Shane Salas packages, the search warrant, and the anticipatory warrant.

### Dog Sniff Record, K-9 Certificates, Training and Testing Records

The Government received the Customs and Quarantine documents on March 4, 2021 and provided to the Defendant the same date. (***See* Exhibit 9**).

### Other Suspects, Surveillance Photographs of Defendant and His Family Members

The Government has provided reports of investigation (as opposed to "302's" which apply to reports from the Federal Bureau of Investigation). These reports indicate the Agent, Postal Inspectors and Task Force Officer's observations of the cluster box and the Defendant's residence on September 9, 2020. (***See* Exhibit 1**). As far as "other suspects," the Defendant received the package, set off the breaching device, and burned the packaging material. The Defendant is the primary target of the investigation.

**Laboratory Reports for DEA Exhibits 6 through 9, 12 and 14**

Exhibit 6 is the seizure of 499.5 methamphetamine from the Shane Salas package in MJ 29-00069. The Government notes that the Defendant is requesting for a laboratory result for uncharged conduct, the Shane Salas package seized on July 13, 2020. This seizure is the basis of uncharged conduct, not the basis of a count in the Indictment.

Exhibit 7 is the seizure of 1,711 net grams of methamphetamine with a 71% purity. The Government invites the Defendant to review discovery bate stamped RSANTOS-00381 to RSANTOS-00383. (**Exhibit 1**).

Exhibit 8 is the seizure of plastic baggies from the Defendant's shelf. The laboratory result indicates a .345% methamphetamine with a purity of 99%. The Government invites the Defendant to review discovery bate stamped RSANTOS-00349 to RSANTOS-00352. (**Exhibit 4**).

Exhibit 9 is the seizure of plastic baggies from the Defendant's safe. On March 8, 2021, the Government received the laboratory result which indicates that Exhibit 9 is 17.18 grams of Dimethyl Sulfone. This was provided to the Defendant on March 8, 2021. **(Exhibit 12).**

Exhibit 12 is a glass pipe seized from the Defendant. On March 8, 2021, the Government received the laboratory result which indicates that the glass pipe had methamphetamine hydrochloride residue. This was provided to the Defendant on March 9, 2021. (**Exhibit 13**).

Defendant requests for "attachments" to Exhibit 13. Exhibit 13 (2,233 grams of methamphetamine hydrochloride with a 99% purity) was provided to the Defendant on September 3, 2020. (**Exhibit 3**). The Government is unclear what "attachment" the Defendant is referring to.

Exhibit 14 is a digital scale, cotton swab, clear case and straw. The seized exhibit was sent to the Southwest Laboratory for analysis and has not yet been returned to the DEA or turned over to the Government.

**"60 Day letters" for Exhibits 13 and 7**

Defendant requests for "60 Day Letters" for Exhibit 13 – the drugs found in a package addressed to Shane Santos weighing 2,233 grams with a 99% purity (bucket, Happy Birthday wrapping) and Exhibit 7 – drugs found in the dry dog food bag in the Defendant's residence. The Government is not in possession of such documents, however will request that these documents be located.

**All Missing Chain of Custody Information Drug and NonDrug Exhibits**

The Government has provided all chain of custody information in its possession regarding these exhibits and invites the Defendant to review bate stamped RSANTOS-00316 to RSANTOS-00348. (*See* **Exhibit 3**). Further chain of custody information was received from the USPIS Inspector on March 8, 2021 and was served on the Defendant the same date. (**Exhibit 12**).

**Cellebrite Licenses and Certifications used to Image or Review Phones**

The Government invites the Defendant to review discovery bate stamped RSANTOS-00353 to RSANTOS-00366. This discovery consisted of the reports of U.S. Coast Guard / Forensic Examiner Nicholas Wellein, his Mobile Device Pre-Exam and Acquisition Form, notes, certification, and Curriculum Vitae. (**Exhibit 5**).

//

//

//

## CONCLUSION

The Government has in a timely manner turned over the discovery in its possession to the Defendant. Defendant's motion to compel should be denied.

Respectfully submitted this 9th day of March, 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and NMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
