DISTRICT COURT OF GUAM
TERRITORY OF GUAM

In re

STANDING ORDER ON
CRIMINAL DISCOVERY

GENERAL ORDER NO. 11-0007

It is the court's policy to rely on the standard discovery procedure as set forth in this Order as the means of the exchange of discovery in criminal cases except in extraordinary circumstances. This Order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, but at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions.

INITIAL DISCLOSURES:

**(1) <u>Disclosure by the Government</u>.** Seven days after arraignment the government shall provide to the defendant, or make available for inspection, copying or photocopying all of the following:

(A) **Fed. R. Crim. P. 16(a) Information.** All discoverable information within the scope of Federal Rule of Criminal Procedure 16(a).

(B) *Brady* **Material.** All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

(C) *Giglio* **Material.** The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972).

(D) **Testifying Informant's Convictions.** A record of prior convictions of any alleged informant who will testify for the government at trial.

(E) **Defendant's Identification.** If a line-up, show-up, photo spread or similar, procedure was used in attempting to identify the defendant, the procedure implemented.

(F) **Inspection of Vehicles, Vessels, or Aircraft.** If a vehicle, vessel, or aircraft that was allegedly used in the commission of an offense charged is in the custody of a governmental authority, the government shall permit the defendant's counsel and any expert selected by the defense to inspect it.

GOVERNMENT EXHIBIT 10

(G) **Fed. R. Evid.404(b).** If the government intends to introduce evidence listed in Federal Rule of Evidence 404(b) in its case in chief at trial, the government shall advise the defendant accordingly.

(H) **Electronic Surveillance Information.** If the defendant is an "aggrieved person" as defined in 18 U.S.C. § 2510(11), the government shall notify the defendant of such and inform the defendant of the detailed circumstances thereof.

(I) **Search Warrants and Supporting Affidavits.** The government shall provide the defendant with any search warrants and supporting affidavits that resulted in the seizure of evidence that the government intends to introduce in its case in chief at trial or that was obtained from or belongs to the defendant.

The Government shall file a motion requesting an extension of time or other relief for good cause in the event the Government is unable to provide discovery in accordance with ¶ 1 herein.

**(2) Obligations of the Government**.

(A) The government shall anticipate the need for and arrange for the transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500. Jencks Act materials and witnesses' statements shall be provided as required by Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500. However, the government, and where applicable, the defendant, are requested to make such materials and statements available to the other party sufficiently in advance as to avoid delays or interruptions at trial. Although the court suggests an early disclosure of Jencks Act materials, this should not be construed as requiring the government or the defendant to disclose materials expressly protected from disclosure under 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 16 or 26.2.

(B) The government shall advise all government agents and officers involved in the case to preserve all rough notes.

(C) The government shall, in good faith, advise the defendant in writing if it is unable to comply with the time deadlines set forth in ¶ 1 herein.

**(3) Disclosures by the Defendant**. If the defendant accepts or requests disclosure of discoverable information pursuant to Federal Rule of Criminal Procedure 16(a), the defendant shall provide the government with all discoverable information within the scope of Federal Rule of Criminal Procedure 16(b) within 14 days after the government complies with discovery pursuant to ¶ 1 herein.

**CONTINUING DUTY TO DISCLOSE:** The provisions of Federal Rule of Criminal Procedure 16(c) are applicable. It shall be the duty of counsel for all parties to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of Federal Rule of Criminal Procedure 16. The court emphasizes that there is a continuing duty upon each attorney to disclose expeditiously.

**MOTIONS FOR DISCOVERY:** An attorney shall not file a discovery motion without first communicating with opposing counsel. The court may not consider a discovery motion unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. An

attorney may not file a discovery motion for information or material within the scope of Federal Rule of Criminal Procedure 16 unless it is a motion to compel, a motion for protective order, or a motion for an order modifying discovery. *See* FED. R. CRIM. P. 16(d).

**STIPULATIONS:** To expedite the trial, the parties shall make a good faith effort to stipulate to facts or points of law for which the truth and existence of or applicability of are not contested.

Upon a sufficient showing in a properly filed motion, the court may order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. The court expects, however, that counsel for all parties shall make every good faith effort to comply with the letter and spirit of this Standing Order.

**SO ORDERED** this 15th day of June, 2011.

_____
FRANCES TYDINGCO-GATEWOOD
CHIEF JUDGE