SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' NOTICE OF INTENT TO MOVE FOR ADMISSION OF § 404(b) ACTS** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

Comes now the United States, through Rosetta L. San Nicolas, Assistant U.S. Attorney and provides notice that the Government intends to move this Honorable Court to admit evidence of crimes, wrongs or other acts pursuant to Rule 404(b) of the Federal Rules of Evidence.

Federal Rules of Evidence § 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. § 404(b)(1). The rule states that "[T]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of

1 the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." Fed.R.Evid. § 404(b)(2).

Here, the Government intends to use evidence of the Defendant Ricky James Jr. Salas Santos' motive, opportunity, intent, plan, knowledge, identity, absence of mistake, or lack of accident – with respect to the counts of Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride and Possession with Intent to Distribute Methamphetamine Hydrochloride.

The Ninth Circuit has adopted an "inclusionary" approach to Fed.R.Evid. § 404(b). *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990). The admission of any evidence of crimes, wrongs, or acts relevant to an issue in the trial is permitted unless it proves only the Defendant's criminal propensity. *Id., United States v. Winters,* 729 F.2d 602, 604 (9th Cir. 1984). The trial judge is accorded wide discretion in deciding whether to admit such evidence. *Hadley*, 918 F.2d at 850. The evidence may concern uncharged acts. *Id*. To be probative of something other than criminal propensity, the other crimes, wrongs, or acts evidence must satisfy the criteria set forth in *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). "Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." *Lozano*, 623 F.3d 1059, 1059. If these four elements are satisfied, a court must balance the probative value of the evidence against its prejudicial effect to determine whether it is admissible under Rule 403. *United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007).

//
//

The Government provides notice that it intends to move, pursuant to Fed.R.Evid. § 404(b) to introduce evidence within these enumerated exceptions.

Respectfully submitted this 11th day of March, 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney