SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| United States of America, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | **UNITED STATES' AMENDED NOTICE OF INTENT TO MOVE FOR ADMISSION OF § 404(b) ACTS** |
| vs. | |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

Comes now the United States, through Rosetta L. San Nicolas, Assistant U.S. Attorney and provides notice that the Government intends to move this Honorable Court to admit evidence of crimes, wrongs, or other acts pursuant to Rule 404(b) of the Federal Rules of Evidence.

Federal Rules of Evidence § 404(b) states that "evidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. § 404(b)(1).

The rule states

(2) **Permitted Uses**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(3) **Notice in a Criminal Case**. In a criminal case, the prosecutor must:

1

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed.R.Evid. § 404(b)(3).

Here, the Government seeks to admit evidence pertaining to motive, opportunity, intent, plan, knowledge, identity, absence of mistake, or lack of accident

**August 24, 2020**

Defendant is charged with Count 1 - Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride and Count 2 - Possession with Intent to Distribute Methamphetamine Hydrochloride. These counts pertain to events that occurred on or about August 24, 2020. On or about August 24, 2020, U.S. Postal Inspectors intercepted a package addressed to "Shane Salas" at "118 Abangbang Loop, Yigo, Guam 96929." The package contained 470 grams of methamphetamine hydrochloride, search of Defendant's residence revealed an additional 1,661 grams of methamphetamine hydrochloride found in a dry dog food bag.

**July 13, 2020**

The Government provides notice that it seeks to introduce evidence that on or about July 13, 2020, U.S. Postal Inspectors intercepted a package addressed to "Shane Salas" at "118 Abangbang Loop, Yigo, Guam 96929." The package contained 455 grams of methamphetamine.

**August 27, 2020**

The Government provides notice that it seeks to introduce evidence that on or about August 27, 2020, U.S. Postal Inspectors intercepted a package addressed to "Shane Salas" at "118 Abangbang Loop, Yigo, Guam 96929." The package contained 2,257 grams of

methamphetamine.

The evidence consists of strikingly similar events which occurred on July 13, 2020 and August 27, 2020. The Government offers admission of the two packages for a non-propensity purpose. The fact that packages containing methamphetamine were addressed to the same recipient, sent in the same manner, to the same address, within a short time frame is highly relevant. The packages show that the is an ongoing scheme to receive methamphetamine which is mailed to Guam, the Defendant had the opportunity to participate in this scheme, a scheme involved preparation and planning. The fact that a package arrived on August 24, 2020 is no accident – because similar packages containing methamphetamine arrived on July 13, 2020 and August 27, 2020 - to the same exact same address and addressed to the same person. These similar events are admissible to prove motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or lack of accident.

The Ninth Circuit has adopted an "inclusionary" approach to Fed.R.Evid. § 404(b). *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990). The admission of any evidence of crimes, wrongs, or acts relevant to an issue in the trial is permitted unless it proves only the Defendant's criminal propensity. *Id., United States v. Winters,* 729 F.2d 602, 604 (9th Cir. 1984). The trial judge is accorded wide discretion in deciding whether to admit such evidence. *Hadley*, 918 F.2d at 850. The evidence may concern uncharged acts. *Id*. To be probative of something other than criminal propensity, the other crimes, wrongs, or acts evidence must satisfy the criteria set forth in *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). "Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." *Lozano*, 623 F.3d 1059, 1059. If these four elements are satisfied, a court must balance the probative value of the evidence against its

prejudicial effect to determine whether it is admissible under Rule 403.  *United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007).

Here, admission of evidence that packages containing methamphetamine arrived on July 13, 2020 and August 27, 2020 intended for the same recipient, at the same address, containing the same drug tends to prove a material point.  The July 13, 2020 and August 27, 2020 packages are not too remote in time, indeed arrived shortly before and shortly after the August 24, 2020 package containing methamphetamine.  The proof of the arrival of two similar packages is based upon sufficient evidence, to be provided by testimony from the U.S. Postal Inspector.  Last, the manner that the packages were sent and addressed is highly similar to the offense charged.

The Government provides notice that it intends to move, pursuant to Fed.R.Evid. § 404(b) to introduce evidence within these enumerated exceptions.

Respectfully submitted this 7th day of April, 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI


By:  /s/  Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

4

Case 1:20-cr-00021   Document 59   Filed 04/07/21   Page 4 of 4