SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant United States Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Facsimile: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICKY JAMES JR. SALAS SANTOS, <br><br> Defendant. | CRIMINAL CASE NO. 20-00021 <br><br> **UNITED STATES' PROPOSED JURY INSTRUCTIONS** |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. In addition, an unnumbered set, without authorities, may be submitted on diskette in the event the Court wishes to submit the instructions to the jury.

RESPECTFULLY SUBMITTED this 13th day of April, 2021.

                    SHAWN N. ANDERSON
                    United States Attorney
                    Districts of Guam and NMI

    By:   <u>/s/ Rosetta L. San Nicolas</u>
            ROSETTA L. SAN NICOLAS
            Assistant U.S. Attorney

# INSTRUCTION NO. 1

## ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

The defendant is charged in the Indictment with attempted possession of methamphetamine with intent to distribute in violation of Sections 846, 841(a)(1) and (b)(1)(A)(viii) of Title 21 of the United States Code. In order for the defendant to be found guilty of the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 26, 2020, the defendant intended to possess fifty or more grams of methamphetamine hydrochloride with the intent to distribute it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority: Manual of Jury Instructions for the Ninth Circuit, 2010 Ed. 9.17
Updated 9/2020.

# INSTRUCTION NO. 2

# POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

The defendant is charged in the Indictment with possession with intent to distribute methamphetamine hydrochloride in violation of Sections 841(a)(1) and (b)(1)(A)(viii) of Title 21 of the United States Code. In order for the defendant to be found guilty of the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 26, 2020, the defendant possessed methamphetamine hydrochloride; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of methamphetamine hydrochloride. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine hydrochloride.

It does not matter whether the defendant knew that the substance was methamphetamine hydrochloride. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine hydrochloride to another person, with or without any financial interest in the transaction.

Authority:   Manual of Jury Instructions for the Ninth Circuit, 2010 Ed. 9.15
             Updated 9/2020.

# INSTRUCTION NO. 3

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Ashley Bennett, who testified to opinions and the reasons for her opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Jury Instructions for the Ninth Circuit, 2010 Ed. 4.14
Updated 9/2020.

# INSTRUCTION NO. 4

## DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

If you find the defendant guilty of the charges in the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine hydrochloride that the defendant intended to distribute equaled or exceeded fifty grams. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine hydrochloride.

Authority: Manual of Jury Instructions for the Ninth Circuit, 2010 Ed. 9.16
Updated 9/2020.