JOHN T. GORMAN
Federal Public Defender
District of Guam

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 20-00021 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S OBJECTION |
| | ) | TO ORDER ON MOTION TO |
| vs. | ) | COMPEL, NOTICE OF APPEAL, and |
| | ) | REQUEST FOR HEARING |
| | ) | |
| RICKY JAMES JR. SALAS SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Ricky James Jr. Salas Santos, through counsel, respectfully files this objection to the Order Granting in Part and Denying in Part Defendant's Motion to Compel Discovery, ECF 87, and provides this Notice of Appeal and Request for Hearing regarding the portion of the order denying Defendant's request for supplemental discovery.

Pursuant to CRLR 12(f), "[a]ny party may appeal from any pretrial non-dispositive matter assigned to a magistrate judge . . . . Such appeal or objection shall

be filed within fourteen (14) days after the filing of the magistrate judge's written order . . . ." On June 8, 2021, the parties appeared before Honorable Magistrate Judge Michael Bordallo for a hearing on Mr. Santos's Motion to Compel Discovery. ECF 86. The defense was prohibited from calling any witnesses. After brief arguments, the Court took the matter under advisement. On July 6, 2021, the Court granted in part and denied in part Ricky's Motion to Compel Discovery. ECF 87.

The Court denied Ricky's request for production of policies and procedures relating to drafting reports, drafting records, and otherwise preserving surveillance efforts and action taken during the investigation and arrest. ECF 87. These documents should be produced given the nature of the investigation, the changes to the reports, and missing information as discussed in Ricky's Motion to Compel (ECF 50) and his Reply (ECF 58).

DEA Special Agent ("SA") Jason M. Correa's initial report and recollections – which were the basis for several search warrants and likely his grand jury testimony – were inaccurate. In the materials received in November of 2020, SA Correa made a rather large and significant change to his initial recollection and report – he changed the color of the shirt he claims Ricky was wearing from gray to turquoise. *See* Motion, ECF 50 at 8. The reports of TFO Henry James, which were written *after* Ricky's First Supplemental Discovery Request, also tried to correct this mistake in SA Correa's initial report. *Id.* at 8-9.

Additionally, Ricky indicated to counsel that after being subjected to 2 searches with the black-light, the officer was unable to find any clue spray on his person.

2

Despite Ricky's September 1, 2020 request for exculpatory evidence, confirmation of the absence of clue spray on Ricky's person was not disclosed until after his First Supplementary Discovery was propounded on October 17, 2020 specifically requesting the missing clue spray reports.

The only record of these clue-spray/black-light searches is found in DEA SA Jason Correa's report on RSANTOS000373. Interestingly, SA Correa is not the officer who preformed these searches; it was actually TFO Jon Calvo. TFO Jon Calvo provided no record relating to these searches, despite their exculpatory nature. In SA Correa's third-hand description of TFO Calvo's search of Ricky, he only mentions that one search was performed rather than two. SA Correa's then posits several conclusory statements about Ricky not wearing a shirt when he was arrested and why that would affect the effectiveness of the clue spray. SA Correa made the clue spray report noting Ricky was not wearing a shirt after he had already claimed Ricky had on a gray shirt and then changed it to a turquoise shirt.

Records indicate that TFO Henry James, TFO David Elliott, and SA Willie Hayes were assigned to one surveillance unit while others were assigned elsewhere. Records further indicate that the following officers were at the scene during the surveillance and arrest: DEA RAC Kenneth Bowman, DEA SA Jason Correa, TFO Jon Calvo, TFO Shawn Ayuyu, TFO Jeremiah DeChavez, TFO Jan Dizon, TFO Jeremiah Cruz, Postal Inspector Benjamin Whitsitt, DEA SA Jeffrey Knight, HSI SA Erwin Fejeran, and HSI SA Michael Lansangan. Despite all of these law enforcement officers on scene, almost all of them of them failed to write a report of the events on that day,

and only SA Fejeran has produced his field notes. All other officers claim they did not take any field notes.

The danger in failing to take appropriate notes during an investigation, especially a surveillance operation, is that an officer may "adapt a final report" or "tailor his [unrecorded] observations to fit his conclusion." *See Carrasco*, 537 F.2d at 377. That danger appears to have occurred in this case where SA Correa changed his recollection of the color of Ricky's shirt in order to match the recollections of the other officers. This presents an extremely unusual situation that supports Ricky's request for the policies and procedures of the involved law enforcement agencies.

To determine whether the officers here acted in bad faith in failing to produce exculpatory evidence until after the defense specifically requested missing reports, it is essential to know what is expected of the agents and officers during the course of an investigation. If the policies require that agents take and preserve notes, yet the agents failed to do so in violation of those policies, this would certainly be impeachment evidence and perhaps evidence of bad faith. At worst, it could show an active attempt to hide exculpatory or impeachment evidence simply by declining to document what actually occurred in violation of office policy.

Based on this and the arguments in the Motion to Compel and Reply, Ricky files this objection and appeal of the Magistrate Court's denial of the request for policies and procedures of the law enforcement agencies involved.

DATED: Mongmong, Guam, July 20, 2021.

/s/ Briana E. Kottke
Assistant Federal Public Defender
District of Guam

Attorney for Ricky James Jr. Salas Santos

4

Case 1:20-cr-00021 Document 91 Filed 07/20/21 Page 4 of 4