SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO ORDER ON MOTION TO COMPEL, NOTICE OF APPEAL and REQUEST FOR HEARING** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

Comes now the United States of America, by and through the undersigned Assistant U.S. Attorney, and hereby files this response to the Defendant's Objection to Order on Motion to Compel, Notice of Appeal, and Request for Hearing. (ECF 91).

I.  **PROCEDURAL HISTORY**

Defendant Ricky James Jr. Salas Santos ("Defendant") was indicted on September 9, 2020 of two counts: Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). (ECF 6).

1

On June 8, 2021, the Court held a hearing on the Defendant's Motion to Compel Discovery. ECF 50. On July 6, 2021, the Magistrate Judge issued an Order Granting in Part and Denying in Part Defendant's Motion to Compel Discovery. ECF 87.

On July 20, 2021, Defendant filed an Objection to Order on Motion to Compel, Notice of Appeal, and Request for Hearing. ECF 91. On July 22, 2021, the Chief Judge vacated the trial date and scheduled a hearing on the motion for August 16, 2021. ECF 92.

## II. LAW AND ARGUMENT

### A. The Magistrate Judge's Order

Defendant asks the District Court to review the Magistrate's Order denying disclosure of the policies or procedures of the law enforcement agencies involved in the case. The District Court should affirm the Magistrate Judge's Order.

On June 8, 2021, the Magistrate Judge examined the Defendant's request for the agencies policies against the Ninth Circuit's explanation of "material" within the meaning of former Rule 16(a)(1)(C), now Rule 16(a)(1)(E) as follows:

> In *United States v. Armstrong*, 517 U.S. 456 (1996), the Supreme Court considered the parameters of Fed. R. Crim. P. 16(a)(1)(C) and ruled that defendants are entitled to the discovery of only those materials that are relevant to the defendant's response to the Government's case in chief:
>
>> While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the "shield-only" reading. If "defense" means an argument in response to the prosecution's case in chief, there is a perceptible symmetry between documents "material to the preparation of the defendant's defense," and, in the very next phrase, documents "intended for use by the government as evidence in chief at the trial."
>
>> *Id.* at 462. Under *Armstrong*, the [defendants] are entitled to the discovery of only those materials relevant to the charges [against them].

*United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000).

The Magistrate Judge then concluded that the Defendant's request was not material, finding:

> As argued by the government, here there simply has been no sufficient showing that the manuals or policies of procedures is "material" within the meaning of Rule 16(a)(1)(E). Beyond defense counsel's conclusory assertion that these documents will help to cross-examine agents involved in the surveillance and investigation, this is not enough. *See United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984) ("Materiality is not established by a general description of the documents sought or by a conclusory argument that the requested information was material to the defense. . . . Upon careful review of appellants' request for internal government documents in this case, we find that appellants' request was inadequate to meet the requirements of Rule 16(a)(1)(C).") These manuals or policies do not serve the purpose of fortifying the Defendant's "shield claims" and will not refute the government's argument that the defendant committed the crimes charged. At best, any manual or policy is tangential to the issue of whether the Defendant committed the offenses charged in the Indictment. Because they are not "material" as that term is defined by *Armstrong* and *Chon*, the court denies the Motion to Compel as to the production of manuals and policies of procedures." ECF 87.

**B.     The Magistrate Judge's Order Should be Affirmed**

Pursuant to Rule 16(a)(1)(E), the government "must permit a defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense, . . .". Fed. R. Crim. P. 16(a)(1)(E)(i).

To secure discovery under Rule 16(a)(1)(E), defendant carries the burden of demonstrating materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). To obtain discovery through Rule 16, the defendant must make a prima facie showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990). Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information

3

helpful to the defense. *Mandel*, 914 F.2d 1215, 1219.  Moreover, it is incumbent on the district court to consider the government interests asserted in light of the materiality shown. *Id*.

The materiality requirement of Rule 16(a)(1)(C), however, is not a "heavy burden"; rather, evidence "is material as long as there is a strong indication that ... the evidence will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.' " *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D.Cal.1994).  Generally speaking, evidence is material under Rule 16 if it is relevant to the development of a possible defense. *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995).  Nevertheless, defendants cannot meet their burden simply by providing a general description of documents they are seeking or by making conclusory assertions of materiality.  *Little*, 753 F.2d 1420, 1445.  Rather, the defendant must present facts which would tend to show the government has information that is helpful to the defense.  *Little*, 753 F.2d at 1445.  Further, other district courts have concluded that if a defendant is generally casting around for impeachment materials, this does not satisfy the materiality requirement.  *See*, e.g., *Liquid Sugars*, 158 F.R.D. 466, 471.  "[R]equests which are designed to generally cast for impeachment material...are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *Liquid Sugars*, *Inc.*, 158 F.R.D. 466, 472.  In determining materiality, a court will view the demonstrated or obvious burden of production on the government in light of the demonstrated need for the evidence, *United States v. Jack*, 257 F.R.D. 221 (E.D.Cal. 2009).

With this standard in mind, this Court should consider whether Defendant has successfully demonstrated that his request for the production of the agency manuals is material within the meaning of Rule 16(a)(1)(E).  Defendant proffers his rationale for the agency manuals

– he expressed concern that one Agent's recollections were inaccurate (gray vs. turquoise shirt), that the Agent only reported one black light search (Defendant maintains there were two), that the Task Force Officers and Special Agents failed to write reports of the events of that day, and that not all of the officers prepared field notes.  Defendant maintains that this Court should review the Magistrate Judge's Order denying the disclosure of the  policies and procedures of the law enforcement agencies in order to permit the defense to "determine whether the officers here acted in bad faith."  ECF 91.  Defense posits that "[I]f" the policies require the agents to take and preserve notes, yet they failed to do so – this would be impeachment evidence and perhaps evidence of bad faith."  ECF 91.   Defense posits "[a]t worst, it could show an active attempt to hide exculpatory or impeachment evidence simply by declining to document what actually occurred in violation of office policy."  ECF 91.

  **C.**  **There Has Been No Showing that the Agency Manuals are Material**

  Defendant's request is a general cast for impeachment material he believes is contained within the agency manuals.  This request is speculative, without a basis in fact to believe that the agency manuals will be significantly helpful.  Except for the unsubstantiated hope that Defendant might find something amiss with the general performance of the Agents and Task Force Officers, Defendant has proffered nothing to justify the materiality of his request.  Defendant's request does not satisfy the requirement of specific facts, beyond allegations, relating to materiality.

  The Ninth Circuit has tasked the defendant with more than generally asking for 'helpful evidence' or 'relevant evidence,' or some other such broadly phrased request.  Evidence is material if it will "play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, or assisting impeachment or rebuttal."  *See  Liquid Sugars, Inc.*, 158 F.R.D. 466, 461.  "On the other hand, requests which are designed to generally cast for

impeachment material ... are not material. Such requests are simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *United States v. Salyer*, 271 F.R.D. 148, 157 (E.D.Cal. 2010) (quoting *Liquid Sugars, Inc.*, 158 F.R.D. at 472). In determining materiality, a court will view the demonstrated or obvious burden of production on the government in light of the demonstrated need for the evidence. *United States v. Jack*, 257 F.R.D. 221 (E.D.Cal. 2009).

In *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995), a case involving the murder of a prison inmate, the defendant asked to see the prison files of all inmates to be called as witnesses by the government because evidence of gang affiliations would be introduced by the prosecution. Santiago reasoned that he would need this information for impeachment purposes, i.e., whether any of the witnesses were linked with rival gangs. The Ninth Circuit held:

> These assertions, although not implausible, do not satisfy the requirement of specific facts, beyond allegations, relating to materiality. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Although the defense did have access to other documents relating to the government witnesses and interviewed several other prison inmates, it did not cite any fact, such as a statement by the defendant or one of the interviewed witnesses, that might link one of the witnesses to a rival gang. Thus, since the defense has only asserted "conclusory allegations" without grounding in fact, *Mandel*, 914 F.2d at 1219, we cannot find that the information sought was material to the case.

Like in *Santiago*, Defendant's request for the agency manuals is a conclusory allegation without grounding in fact.

**D.** **The Request for the Agency Manuals is a Fishing Expedition**

The request for the policies and procedures of each of the law enforcement agencies is a fishing expedition in the hope that some favorable evidence will turn up. Defendant is already in receipt of the reports from this investigation.

The Magistrate Judge weighed Defendant's request for:

6

[c]opies of procedures relating to drafting reports, drafting records, and otherwise preserving surveillance efforts and actions taken during the investigation and arrest of a suspect from all agencies involved in this investigation, including but not limited to: USPIS, DEA, GPD, HSI and any separate rules or procedures relating to task force officers of the above-entities." ECF 50.

The Magistrate Judge concluded that the defendant request was *not* material. This Order should be affirmed by the District Court.

Defendant's request, without a factual showing of materiality, is outside the scope of Rule 16(a)(1)(E).

In *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012), the Ninth Circuit held:

> Under Rule 16, a criminal defendant has a right to inspect all documents, data, or tangible items within the government's "possession, custody, or control" that are "material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E). Evidence is "material" under Rule 16 if it is helpful to the development of a possible defense. *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir.1995). A defendant must make a "threshold showing of materiality" in order to compel discovery pursuant to Rule 16(a)(1)(E). *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir.1995). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990).

The Ninth Circuit held that defendant Budziak is entitled to software for a EP2P program because he made the showing of materiality. Thus, a general description of the materials sought and conclusory arguments as to their materiality has been rejected as insufficient under Rule 16(a)(1)(B).

A defendant may not use discovery as a fishing expedition to probe the strength of the government's case before trial. *United States v. Chon*, 210 F.3d 990, 994–95 (9th Cir. 2000). "Indeed, the discovery motion could very well be viewed as a 'fishing expedition,' in the hope that some favorable evidence would turn up. Such '(g)eneral descriptions of the materials sought and conclusory arguments as to their materiality have been rejected repeatedly as insufficient under Rule 16(b).' " *United States v. Marshall*, 532 F.2d 1279, 1286 (9th Cir. 1976).

7

The agency manuals are collateral matters. There is no right to impeach a witness with respect to collateral or irrelevant matters. *United States v. Nace*, 561 F.2d 763 (9th Cir. 1977) (testimony regarding collection of payment by threat is a collateral matter properly excluded in the discretion of the trial court).

In *United States v. Spagnuolo*, 549 F.2d 705, 712-13 (9th Cir. 1977), Defendants sought the production of F.B.I. files to demonstrate taint in an investigation. The Court held: "Their arguments are not well taken. Both assume that material indicative of a taint existed. No evidence in the record supports this assumption. Appellants have embarked upon the type of fishing expedition condemned by this court in *Ogden v. United States*, 303 F.2d 724 (9th Cir. 1962)."

Here, Defendant has not shown that the agency manuals he seeks are "material" within the meaning of Rule 16(a)(1)(E). Rather, he hopes to identify an internal rule or policy the agents didn't follow, perhaps leading up to some training the agents did or did not receive. Then Defendant plans to use that information to support an argument that the agents are incompetent or untruthful - or both. These sorts of general fishing expeditions are not permitted under Rule 16. The Court's analysis of the pending motion to compel will be informed by the Constitution – not by whether the agents with USPIS, DEA or HSI followed internal policy contained in a manual.

In *United States v. Armstrong*, 517 U.S. 456 (1996), the Supreme Court considered the parameters of Federal Rule of Criminal Procedure 16(a)(1)(C) – now Rule 16(a)(1)(E) – and held that defendants are entitled to the discovery of only those materials that are relevant to the defendant's response to the Government's case in chief. The *Armstrong* Court explained that

> While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may

8

encompass only the narrower class of "shield" claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the "shield-only" reading. If "defense" means an argument in response to the prosecution's case in chief, there is a perceptible symmetry between documents "material to the preparation of the defendant's defense," and, in the very next phrase, documents "intended for use by the government as evidence in chief at the trial.

*Id.* at 462. Interpreting *Armstrong*, the Ninth Circuit held that defendants "are entitled to the discovery of only those materials relevant to the charges [against them]." *United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000). Thus, in a case where the discovery requests at issue were "considerably broader and the materials in question d[id] not serve the purpose of fortifying the [defendants'] 'shield claims,' " the court properly denied the defendants' discovery requests. *Id.*; See also *United States v. Norita*, 708 F. Supp. 2d 1043 (D.N.M.I. 2010) (concluding that a DEA Agent field manual was not "material" within the meaning of Fed. R. Crim. P. 16(a)(1)(E) as they could not refute the government's argument that the defendant committed the crime charged).

The Government objects to the disclosure of the agency manuals. To order the production of the agency manuals will create an unacceptable risk that the information contained therein will be disseminated, revealing tactics and potentially endangering agents and confidential sources in the field. If the agency manuals became public, criminals would learn investigative tactics and techniques used by the agencies. Knowledge of techniques would enable criminals to determine whether their associates are confidential sources or undercover agents and the disclosure could, in effect, reveal the agency's "game plan," permitting criminals to frustrate investigations.

There has simply been no sufficient showing that the agency manuals are "material" within the meaning of Rule 16(a)(1)(E). Beyond conclusory assertions that the Agent's field

9

manuals will help to cross-examine agents and fill "additional holes", this is not enough, *See Little,* 753 F.2d 1420, 1445. The defendant has made no showing that the agency manuals will " 'refute the Government's arguments that the defendant[s] committed the crime[s] charged.' " *Chon*, 210 F.3d at 995 (quoting *Armstrong,* 517 U.S. at 462, 116 S.Ct. 1480). Thus, the Agent's Field Manual "do[es] not serve the purpose of fortifying [the defendants'] 'shield claims.' " *Id.*

To order the production of the manuals or imposing sanctions for failing to produce them would be an erroneous conclusion that disclosure is required by Rule 16(a)(1)(E). This would result in a manifest injustice, negating the finding of criminal charges by a grand jury which found probable cause.

### E. The Agency Manuals are Not Subject to Disclosure

Notably Fed. R. Crim. Pro. Rule 16(a)(2) states:

Except as permitted by 16(a)(1)(A)-(D), (F) and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The advisory committee notes to this section states:

Subdivision (a)(2) is substantially unchanged. It limits the discovery otherwise allowed by providing that the government need not disclose "reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case" or "statements made by government witnesses or prospective government witnesses." The only proposed change is that the "reports, memoranda, or other internal government documents made by the attorney for the government" are included to make clear that the work product of the government attorney is protected. *See* C. Wright, Federal Practice and Procedure: Criminal §254 n. 92 (1969, Supp. 1971); *United States v. Rothman*, 179 F.Supp. 935 (W.D.Pa. 1959); Note, "Work Product" in Criminal Discovery, 1966 Wash.U.L.Q. 321; American Bar Association, Standards Relating to Discovery and Procedure Before Trial §2.6(a) (Approved Draft, 1970); cf. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), requires the disclosure of evidence favorable to the defendant. This is, of course, not changed by this rule.

Fed.R.Crim.Pro. 16 advisory committee's notes.

The Government objects to disclosure of the field manuals for each of the agencies.

### III. CONCLUSION

The Magistrate Judge's Order should be affirmed.

Respectfully submitted this 29th day of July, 2021.

                                              SHAWN N. ANDERSON
                                              United States Attorney
                                              Districts of Guam and NMI

By:    /s/   Rosetta L. San Nicolas
        ROSETTA L. SAN NICOLAS
        Assistant U.S. Attorney