JOHN T. GORMAN
Federal Public Defender

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 20-00021 |
| | ) | |
| Plaintiff, | ) | REPLY TO RESPONSE RE: |
| vs. | ) | OBJECTION TO ORDER ON MOTION |
| | ) | TO COMPEL, NOTICE OF APPEAL, |
| | ) | AND REQUEST FOR HEARING |
| RICKY JAMES JR. SALAS SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ricky James Jr. Salas Santos, through counsel, respectfully files this Reply to the government's Response to his Objection to Order on Motion to Compel, Notice of Appeal, and Request for Hearing.

### I. The Policies and Procedure Manuals are Material to Ricky's Defense

Ricky's defense is mistaken identity. He was not the person who was seen at the cluster boxes, nor was he the person who opened and then burned the package containing the sham. It appears law enforcement is tailoring the few reports that were actually written to support their conclusions or are purposefully declining to draft reports. This, in essence, results in spoliation of relevant and necessary evidence in the form of missing witness statements subject to disclosure under the Jenks Act. *See*

*e.g. United States v. Harris*, 543 F.2d 1247, 1248 (9th Cir. 1976) (discussing how handwritten notes are witness statements subject to disclosure and are more reliable than reports themselves). Law enforcement failed to follow its own policies and procedures, and these failures resulted in the arrest of the wrong person.

In *Brady v. Maryland*, the United States Supreme Court held that a defendant has a right to the production of exculpatory evidence in the possession of the government or its agents. 373 U.S. 83 (1963). The Due Process Clauses of both the Fifth and Fourteenth amendments and *Brady* and its progeny, require the prosecution to disclose exculpatory evidence that "is material either to guilt or to punishment." *Id.* at 87. The inquiry considers nondisclosed evidence "collectively, not item by item." *Kyles v. Whitley*, 514 U.S. 419, 436 (1995).

As argued by the government, "[e]vidence is material if it will 'play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" Gov.'s Resp., ECF 95 at 5 (quoting *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal 1994)). The policy and procedures manuals of the respective agencies, most especially the DEA, will do all of these things.

Importantly, many of the reports and corrections thereto were not written until after Ricky propounded his First Supplemental Discovery Request. Some of these reports contained exculpatory evidence that was not noted in any of the initial discovery and was only reduced to writing *after* Ricky specifically asked for it. For example, the clue spray search results, which show Ricky had no clue spray on his

2

person, are exculpatory and support his defense of mistaken identity.

As this Court is aware, the failure (especially of the DEA) to write reports, let alone timely reports, seems to be the rule rather than the exception. *See United States v. Gapasin, Jr.*, CR 19-00048, ECF 101 at 8; *see also* Transcript of Proceedings before Magistrate Bordallo at 16:12--18:22, attached hereto as **Exhibit A**. *Brady* applies to impeachment and other evidence relevant to the credibility of the government witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The failure of these law enforcement agencies to follow their own policies and procedures is having a direct impact on the reliability of the evidence, witness recollections, and the government's case-in-chief. Further, failing to document exculpatory evidence is in essence the same as failing to produce this evidence. Failing to produce exculpatory evidence violates a Defendant's right to present a defense under the Sixth Amendment, violates the Due Process Clause of the Fifth Amendment, violates *Brady* and its progeny including *Giglio*, and when done repeatedly smacks of bad faith.

Protecting Ricky from this sort of misconduct is most certainly not a "sword" claim as posited by the government. *See United States v. Armstrong*, 517 U.S. 456 (1996). Rather, it is a "shield" employed to insure that a potential conviction does not rest on inaccurate and incomplete information, or worse yet, on testimony that was tailored to fit the officer's unrecorded observations to his conclusions or the conclusions of other officers. *See Carrasco*, 537 F.2d 372, 377 (9th Cir. 1976).

3

## II. Conclusion

Based on the foregoing, and in light of the Due Process Protection Act, the Court should grant Ricky's request for the policy and procedure manuals of the respective agencies.

DATED: Mongmong, Guam, August 5, 2021.

/s/



Attorney for Ricky James Jr. Salas Santos