## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
| Plaintiff, | |
| vs. | **ORDER ON APPEAL** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

This matter is before the court on Defendant's Objection to Order on Motion to Compel, Notice of Appeal, and Request for Hearing. ECF No. 91. The court finds oral argument unnecessary[1] and will rule on the submitted briefing alone.

### I. Procedural Background

This objection and notice of appeal arises from Defendant's motion to compel the Government to produce several categories of evidence. *See* ECF Nos. 50, 56, and 58. At oral argument, the magistrate judge granted most of Defendant's motion, but later issued a written order denying the request seeking production of the policies and procedures of several law enforcement agencies pertaining to drafting reports, drafting records, preserving surveillance efforts, and actions taken during the investigation and arrest of a suspect. ECF No. 87. The magistrate judge found that these policies and procedures were not "material" within the context of Federal Rule of Criminal Procedure 16(a)(1)(E).

---

[1] The court vacates the hearing date of August 16, 2021.

Defendant has filed an appeal, objecting to the portion of magistrate's order concerning his request for policies and procedures.[2] He argues that the agents who investigated and arrested him failed to take and preserve notes during their investigation, produced investigative reports only after they were requested, and that those reports present conflicting stories regarding the arrest of Defendant. Consequently, he argues that he is entitled to the internal policies and procedures governing these types of actions, for "[i]f the policies require that agents take and preserve notes, yet the agents failed to do so in violation of these policies, this would certainly be impeachment evidence and perhaps evidence of bad faith." ECF No. 91 at 4.

## II.    Standard of Review

Under Federal Rule of Criminal Procedure 72, when considering an objection to a magistrate judge's order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." However, when the underlying matter is purely a discovery dispute, "the Magistrate is afforded broad discretion, [and] will only be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal quotations omitted); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002), *citing Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (a district judge applies the "clearly erroneous" standard of review on appeal of a "non-dispositive pretrial motion such as a discovery motion").

## III.    Analysis

As applied to this case, Rule 16 of the Federal Rules of Criminal Procedure requires the

---

[2] In its written order, the magistrate judge analyzed seven categories of evidence that Defendant sought as part of the motion to compel. The magistrate court granted Defendant's motion to compel with respect to six of those categories. ECF No. 87. The only category pertinent to this appeal, and thus the only category the court analyzes now, is Defendant's request that the Government produce "[c]opies of policies of procedures relating to drafting reports, drafting records, and otherwise preserving surveillance efforts and actions taken during the investigation and arrest of a suspect from all agencies involved in this investigation." *Id.* at 7.

government to provide Defendant all documents within the Government's possession, custody, or control that are "material to preparing [Defendant's] defense." Fed. R. Crim. P. 16(a)(1)(E). To compel the Government to produce a document under Rule 16, Defendant carries the burden of making a "threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (internal quotations omitted).

This threshold showing is met, and evidence deemed material, when "there is a strong indication that [] the evidence will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994). While the requisite standard is not an exacting one, Defendant may not simply give "a general description of the documents sought or [] a conclusory argument that the requested information [is] material to the defense." *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *see also United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

Here, Defendant seeks production of the policies and procedures of the investigating law enforcement agencies that relate to drafting reports, drafting records, and otherwise preserving surveillance efforts and actions taken during the investigation and arrest of a suspect. He argues that he is entitled to the internal policies and procedures governing these types of actions, for "[i]f the policies require that agents take and preserve notes, yet the agents failed to do so in violation of these policies, this would certainly be impeachment evidence and perhaps evidence of bad faith." ECF No. 91 at 4. Essentially, Defendant seeks to use this information to impeach the agents.

However, this argument is not backed up by any type of a "strong indication" that the internal policies and procedures of the law enforcement agencies require conduct that differs

from the actions, or inactions, of the law enforcement agents. Instead, the argument only speculates that there was some deficiency or mistake in how the agents ran the case. Consequently, Defendant's motion is "designed to generally cast for impeachment material," and thus immaterial for purposes of Rule 16, as such motions are only based on "speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *Liquid Sugars,* 158 F.R.D. at 472; *see also United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).

Even more problematic, Defendant does not explain how the discovery he seeks will contribute to his "defense" as that term is used in Rule 16. As set forth in *United States v. Armstrong*, Rule 16 only compels discovery relating to "shield claims," which are claims that "refute the Government's arguments that the defendant committed the crime charged." U.S. 456, 462 (1996). Conversely, Rule 16 does not mandate production of evidence relating to "sword claims," wherein the defendant seeks discovery to "challenge[] the prosecution's conduct of the case[.]" *Id.*

This principle is demonstrated in *United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000). In that case, the defendants were convicted of theft and conversion of government property as a result of a Naval Criminal Investigative Service (NCIS) investigation. *Id.* at 992. Before trial, the defendants moved for discovery on whether NCIS had specifically targeted civilians in violation of the Posse Comitatus Act (PCA), which prohibits the military from joining in civilian law enforcement. *Id.* at 992–93. The court denied the request, finding that the defendants were only "entitled to the discovery of only those materials relevant to the charges of theft and conversion of government property and receipt of such property." *Id.* at 995. As the discovery request was "considerably broader" than any materials that could be relevant to the specific charges against the defendants, it did "not serve the purpose of fortifying the appellants'

'shield claims.'" *Id.* at 992.

Here, Defendant hopes to use the policies and procedures of the investigating agencies as a "sword" against the Government by attacking and undermining the quality of the investigation performed by the law enforcement agents. This evidence, while speculatively sought for impeachment purposes, does not refute any argument that "defendant committed the crime charged" and thus falls outside the scope of Rule 16. *Armstrong*, 517 U.S. at 462; *see also United States v. Norita*, 708 F. Supp. 2d 1043, 1054 (D. N. Mar. I. 2010) (holding that a field manual of a law enforcement agency was not "material" within the context of Rule 16 when a defendant argued that the document would help to cross-examine law enforcement agents).

Of course, the court is not precluding Defendant from arguing that the agents involved in this case kept poor records, ran a fatally deficient investigation, or even that they arrested the wrong person. Regardless of whether those actions violated internal policies and procedures, Defendant is free to impeach any agent on a lack of notetaking or the presence of discrepancies in their notes. The court's ruling today is simply that Rule 16 only compels the Government to produce documents that "refute the Government's arguments that the defendant committed the crime charged" instead of documents that will be used to challenge the conduct of the prosecution. *Id.*

**IV.**    **Conclusion**

The court concludes that the discovery Defendant seeks is immaterial for purposes of Rule 16. Consequently, the court finds that the magistrate judge's conclusion, that the policies and procedures that Defendant seeks are not "material" as that term is used in *Armstrong* and *Chon*, is not "clearly erroneous" or "contrary to law."

Defendant's Objection to Order on Motion to Compel, Notice of Appeal, and Request for Hearing (ECF No. 91) is **HEREBY OVERRULED**, and the court **AFFIRMS** the U.S.

Magistrate Judge's decision dated July 6, 2021, ECF No. 87.

      **IT IS FURTHER ORDERED** that the jury selection and trial in this matter be set to begin on August 17, 2021 at 10:00 a.m. Defendant's Response to Government's trial brief and his own trial brief shall be filed no later than August 9, 2021. Trial materials must be filed or lodged with the court no later than August 9, 2021. Pretrial conference shall be held on August 10, 2021, at 1:30 p.m.

      **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 06, 2021**