JOHN T. GORMAN
Federal Public Defender
District of Guam

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR 20-00021 |
|---|---|
| Plaintiff, | ) |
|  | ) DEFENDANT'S PROPOSED |
|  | ) JURY INSTRUCTIONS |
| vs. | ) |
|  | ) |
| RICKY JAMES JR. SALAS SANTOS, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Ricky James Jr. Salas Santos, through counsel, submits the following proposed jury instructions. He has no objection to inclusion of the 9th Circuit's standard preliminary and closing instructions or the instructions proposed by the government in ECF 64.

DATED: Mongmong, Guam, August 9, 2021.

/s/

Briana E. Kottke
Assistant Federal Public Defender
District of Guam

Attorney for Ricky James Jr. Salas Santos

Instruction 1

**POSSESSION    DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Source:  9th Cir. MCJI 3.15

Instruction 2

**EYEWITNESS IDENTIFICATION**

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s]; and

(7) the totality of circumstances surrounding the eyewitness's identification.

Source: 9th Cir. MCJI 4.11

Instruction 3

**DUAL ROLE TESTIMONY**

You have heard testimony from law enforcement officers who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: 9th Cir. MCJI 4.15

Instruction 4

**THEORY OF DEFENSE**

Counsel will submit Mr. Santos's Theory of Defense Instruction at a later date prior to settlement of jury instructions. Such an instruction is necessarily dependent on the evident presented by the government at trial.

Applicable case law provides that Mr. Santos is entitled to have a Theory of Defense Instruction given, so long as the instruction adequately states the law and has some foundation in the evidence adduced at trial.

Source: *United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir. 2008).

Instruction 5

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes charged. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Source: 9th Cir. MCJI 6.10