JOHN T. GORMAN
Federal Public Defender

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 20-00021 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MOTION IN LIMINE AND |
| | ) | BRIEF IN SUPPORT |
| RICKY JAMES JR. SALAS SANTOS, | ) | |
| Defendant. | ) | |

Ricky James Jr. Salas Santos, through counsel, respectfully moves the Court for an order granting his Motion in Limine.

## I. Procedural History and Substantive Motions

On April 23, 2021, Magistrate Judge Bordallo filed an order vacating the trial setting and all related dates, subject to rescheduling after resolution of the Motion to Compel Discovery. ECF 73. On July 6, 2021, the Court issued the Third Amended Scheduling Order, but no motions deadline or briefing schedule was set. ECF 88. On that same day, Magistrate Bordallo issued his order on Ricky's Motion to Compel Discovery. ECF 87. Ricky timely appealed this ruling, and this Court affirmed the

Magistrate Judge's determination. ECFs 91-95, 100.

The Court held a telephonic status hearing on July 29, 2021. ECF 96. At that hearing, the parties discussed trial readiness, and the Defense noted that it still needed to file substantive motions to suppress, dismiss, and *in limine* after litigation on the Motion to Compel Discovery was resolved. The Court responded that a new trial schedule and related issues would be further discussed at the hearing set for August 16, 2021 (on the Motion to Compel Discovery). *Id.* On August 6, 2021, the Court vacated that hearing and issued a Trial Scheduling Order that did not include a substantive motions deadline or briefing schedule. ECF 100.

Under Rule 12 of the Federal Rules of Criminal Procedure, the Defendant must file certain motions prior to trial including: suppression, dismissal, preindictment delay, speedy trial, and errors in the grand-jury proceedings, *inter alia*. Fed. R. Crim. P. 12(b)(3)(A) (E). Under Rule 12(c), if a Defendant does not make the Rule 12(b)(3) motions prior to trial, they are considered untimely. Rule 12(d) requires the Court to rule on any pretrial motions prior to trial unless it finds good cause to defer the ruling.

Now that the discovery issues have been resolved, Ricky needs the opportunity to file Rule 12(b)(3) motions prior to trial; without this opportunity, Ricky is being deprived of his right to Due Process and effective assistance of counsel. After the Final Pretrial Conference on the afternoon of August 10, 2021, the Court granted Ricky leave to file a Motion in Limine. Ricky now files this motion *in limine* and brief in support moving the Court to preclude introduction of certain evidence.

2

## II. Ricky's Statements to Law Enforcement and Any References Thereto

The government and its witnesses should be precluded from mentioning or testifying about any statements Ricky made to law enforcement and any inferences that can be gleaned from those statements because they were made in violation of *Miranda* and his Fifth Amendment right against self-incrimination.

Shortly after Ricky's arrest, it is clear law enforcement officers conducted an unrecorded, custodial interrogation of Ricky without reading him his *Miranda* rights and without him having waived his *Miranda* rights. This is clear because the government provided the Defense with an audio recording of a second interview wherein the officers discuss their prior unrecorded custodial interview with Ricky and the statements he allegedly made. In this second recorded interrogation, the officers read Ricky his *Miranda* rights; however, Ricky never waived his rights nor did he sign the consent form being offered to him by the officers. During this second custodial interrogation, the officers repeatedly refer to the prior unrecorded interview that occurred after his arrest while in police custody.

The Fifth Amendment requires that no person "be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The "essence" of the right against self incrimination "is the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." *Culombe v. Connecticut*, 367 U.S. 568, 581 (1961). In *Miranda v. Arizona*, the Supreme Court acknowledged the pervasive compulsion of custodial interrogation, a

3

context that generates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he does not otherwise do so freely." 384 U.S. 436, 467 (1966).

The privilege against self-incrimination is not necessarily limited to inculpatory statements. Multiple Supreme Court decisions have extended the privilege to "compelled statements that *lead to the discovery of incriminating evidence* even though the statements themselves are not incriminating and are not introduced into evidence." *United States v. Hubbell*, 530 U.S. 27, 37 (2000) (emphasis added); *See also Hoffman v. United States*, 341 U.S. 479, 486 (1951) (stating that the Fifth Amendment "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise *embraces those which would furnish a link in the chain of evidence* needed to prosecute the claimant for a federal crime" (emphasis added)); *Kastigar v. United States*, 406 U.S. 441, 444-445 (1972) (stating that the Fifth Amendment "protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used").

The remedy for obtaining involuntary statements in violation of *Miranda* and the Fifth Amendment is exclusion of the statements and any inferences resulting therefrom, i.e. fruit of the poisonous tree. *See Harris v. New York*, 401 U.S. 222, 224-226 (1971); *Wong Sun v. United States*, 371 U.S. 471 (1963); *Brown v. Mississippi*, 297 U.S. 278, 286 (1936); *Spano v. New York*, 360 U.S. 315, 320-321 (1959); *Mincey v. Arizona*, 437 U.S. 385, 397-398 (1978); *Miranda*, 384 U.S. at 444; *Dickerson v. United*

4

*States*, 530 U.S. 428, 444-445 (2000); *see also Missouri v. Seibert*, 542 U.S. 600 (2004) (discussing improper two-step interrogations).

Here, Ricky was arrested and was in police custody at the time of the first unrecorded and un-Mirandized custodial interrogation. He did not feel free to leave, was handcuffed, and indeed was not free to leave because officers placed him in a holding cell. The subsequent recorded and involuntary interrogation also occurred while Ricky was under arrest and not free to leave. After this subsequent interview, Ricky was again returned to a holding cell. Ricky was clearly in custody for purposes of *Miranda.*

During both of these meetings, Ricky was being interrogated because the officers were asking him questions about the alleged offense conduct. Ricky was subjected to custodial interrogation on two separate occasions. On the first occasion, he was not Mirandized and certainly could not have waived his rights; on the second occasion, he was Mirandized but refused to sign the waiver form. Despite this, law enforcement continued interrogating him, relying on and referencing Ricky's statements from the first unrecorded and un-Mirandized interview, and now the government seeks to use his statements and the inferences therefrom against him at trial in violation of the Fifth Amendment.

Although the government did not list Ricky's custodial interrogation as an exhibit, it is clear the government plans to use those involuntary statements and inferences therefrom against Ricky at trial. For example, at the Final Pretrial Conference, undersigned discussed an objection to use of government's proposed

Exhibits 43(a) and (b); in response to this objection, the government offered a statement Ricky allegedly made about ownership of a marijuana plant during his initial unrecorded, involuntary, custodial interrogation. This use of his own alleged words against him violations the Constitution. The government and its witnesses should be precluded from testifying about anything said during these involuntary interrogations and any inferences that can be drawn therefrom.

### III. <u>Government's Proposed Exhibits 43(a) and (b)</u>

The government's proposed Exhibits 43(a) and (b) are pictures of a marijuana plant taken at the scene by law enforcement. These photos should be excluded from evidence because they are irrelevant and any probative value they might have (if any) is greatly outweighed by the prejudice their introduction would cause.

Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to made a fact more or less probable than it would be without the evidence AND that the fact is of consequence in determining the action. Here possession of a marijuana plant is irrelevant to whether Ricky was attempting to possess or distribute methamphetamine. Rule 402 precludes the admission of irrelevant evidence such as this.

Should the Court find that the marijuana plants are somehow relevant, the photos should still be excluded under Rule 403. Under Rule 403, relevant evidence can be excluded if its probative value is substantially outweighed by the danger of one or more the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The government is seeking to use this as improper character evidence to show that Ricky is a drug user, and if he is a drug user, then he is more likely to be a drug dealer.

In addition, as mentioned above, the government intends to use involuntary statements Ricky made about the marijuana plants in violation of his rights to show some sort of ownership interest in the plants and perhaps the property, making their admission twice as troublesome since the statements were involuntary, fruits of an un-Mirandized interrogation, and will be used as improper character evidence. This trial is not about marijuana, it is about allegations of dealing meth. Based on the foregoing, the Court should exclude admission or introduction of government's proposed Exhibits 43(a) and (b).

### IV. <u>Pretrial Drug Use</u>

The government and its witnesses should be precluded from discussing Ricky's pretrial drug use because it is irrelevant and any probative value it has is substantially outweighed by its prejudicial value. Ricky's pretrial release was revoked after he tested positive for methamphetamine several times. Under Rules 401-403 of the Federal Rules of Evidence, any such statements should be precluded as they constitute improper character evidence.

### V. <u>Propensity Evidence</u>

The government and its witnesses should be precluded from discussing the package that arrived in July of 2020. The government has provided notice that it will use this package to show motive, intent, or absence of mistake. ECF 57 at 1. However, this is actually an attempt to use improper propensity evidence to show that if Ricky

7

received one package of alleged methamphetamine in July, he must have done it again with the other two packages charged in the Indictment.

Further, despite multiple requests for the lab results of the contents of this package, the government has failed to provide them even after litigation regarding discovery. There is no way of knowing what the package contained absent the results. The government should be precluded from providing the results now or otherwise referring to the contents of the package as the disclosure would be untimely, especially after having litigated pretrial discovery requests and in light of the Court's order granting the Motion to Compel Discovery.

## VI. Conclusion

Based on the foregoing, Ricky respectfully moves the Court for an order granting his Motions in Limine.

DATED: Mongmong, Guam, August 11, 2021.

/s/ 
Briana E. Kottke
Assistant Federal Public Defender
District of Guam

Attorney for Ricky James Jr. Salas Santos

8