JOHN T. GORMAN
Federal Public Defender

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 20-00021 |
| ) | |
| Plaintiff, ) | RESPONSE TO GOVERNMENT'S |
| vs. ) | NOTICE OF INTENT TO OFFER |
| ) | 404(b) EVIDENCE |
| ) | |
| RICKY JAMES JR. SALAS SANTOS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Ricky James Jr. Salas Santos, through counsel, respectfully files this Response to the Government's Notice of Intent to Use 404(b) Evidence (ECF 57).

### I. THE COURT SHOULD PRECLUDE THE ADMISSION OR USE OF THE PROPOSED 404(B) EVIDENCE

The government and its witnesses should be precluded from discussing or introducing evidence regarding the package that arrived in July of 2020. The government has provided notice that it will use this package to show motive, intent, or absence of mistake. ECF 57 at 1. Ricky objects to the use of such propensity evidence and further objects because the government failed to provide the test results

relating to this package despite 4 informal requests, a motion to compel discovery, an order compelling the government to provide discovery, and the government's requirements under the Due Process Protection Act.

### A. Discovery Violation

As noted in the Motion to Compel Discovery (ECF 50), on October 14, 2020, undersigned propounded Ricky's First Supplemental Discovery Request. *See* ECF 50 at Exhibit B. In this request, Ricky specifically requested the lab results relating to the July 2020 package: "7. The lab results for DEA Exhibits 6-9, 12, and 14 as well as any other outstanding results not identified herein." The contents from the July 2020 package are DEA Exhibit 6.

After several more requests for missing discovery, Ricky filed a Motion to Compel Discovery, which specifically requested production of DEA Exhibit 6.

> The results for DEA Exhibits 6, 7, 8, 9, 12, and 14 have been requested on numerous occasions. To date, only the results for DEA Exhibit 7 have been received. In addition, the attachments to DEA Exhibit 7 and 13 have been requested, but have not been received. These documents are required to be produced by Federal Rule of Criminal Procedure 16 and CRLR 16, and Ricky requests an order for production of these laboratory results, reports, and related documents.

Motion to Compel, ECF 50 at 17. The government responded and again declined to provide the lab results of DEA Exhibit 6: "Exhibit 6 is the seizure of 499.5 methamphetamine [sic] from the Shane Salas package in MJ 29-00069. The Government notes that the Defendant is requesting for a laboratory result for uncharged conduct, the Shane Salas package seized on July 13, 2020." Gov.'s Resp. to Mot. to Compel, ECF 56 at 14.

2

Magistrate Bordallo issued an order compelling the production of the requested discovery with the exception of the policy and procedure manuals used by law enforcement, including any missing reports. ECF 87. The Court again warned that "[f]ailure to comply with this Order or Rule 16 may result in the prohibition of the use of the undisclosed evidence at trial or the entry of any other order that is just under the circumstances, including the imposition of sanctions. *See* Fed R. Crim. P. 16(d)(2)(C) and (D)." Order Compelling Discovery, ECF 87 at 13.

The Defense has no way of knowing what the package contained absent the results, which the government declined to provide on several occasions. The government should be precluded from providing the results now or otherwise referring to the contents of the package as the disclosure would be untimely, especially after having litigated pretrial discovery requests and in light of the Court's order granting the Motion to Compel Discovery. The government made a purposeful decision not to produce these results, and it should suffer the consequences of its deliberate nondisclosure, which is preclusion of use or any mention of the July 13, 2020, package or the unknown contents thereof. In addition, the Court should preclude the government's production of the result now as untimely and in violation of the Court's previous order to compel the production of discovery.

### B. Improper propensity evidence

In addition to the issues regarding failure to disclose information relating to the July 13, 2020, package, the government and its agents and witnesses should be precluded from offering testimony regarding this package because it is irrelevant and

constitutes improper propensity evidence.

Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to made a fact more or less probable than it would be without the evidence AND that the fact is of consequence in determining the action. Rule 402 precludes the admission of irrelevant evidence. Under Rule 403, relevant evidence can be excluded if its probative value is substantially outweighed by the danger of one or more the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Since it is unknown what is in the July 2020 package, it is irrelevant to whether Ricky acted with the same motive, intent, or lack of mistake. Under Rule 402, irrelevant evidence must be excluded. If the Court determines the July 2020 package is relevant, the probative value (if any) is substantially outweighed by the risk of prejudice or confusion of the issues. This evidence will lead to the jury making improper inferences about propensity - if he did it before, he must be doing it again now. This is precisely the type of evidence 404(b) seeks to preclude.

## II. Conclusion

Based on the foregoing, Ricky respectfully moves the Court for an order precluding the use of this non-disclosed, improper character evidence.

DATED: Mongmong, Guam, August 11, 2021.

/s/ 

Attorney for Ricky James Jr. Salas Santos

4