SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICKY JAMES JR. SALAS SANTOS, <br><br> Defendant. | CRIMINAL CASE NO. 20-00021 <br><br> **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT (ECF 108) and RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO OFFER 404(b) EVIDENCE (ECF 110).** |

Comes now the United States of America, by and through the undersigned Assistant U.S. Attorney, and hereby files this response to the Defendant's Motion in Limine and Brief in Support (ECF 108) and Response to Government's Notice of Intent to Offer 404(b) Evidence (ECF 110) .

I.     PROCEDURAL HISTORY

Defendant Ricky James Jr. Salas Santos ("Defendant") was indicted on September 9, 2020 of two counts: Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

1

(b)(1)(A)(viii). (ECF 6).

Trial in this case is scheduled for August 17, 2021.

## II. STATEMENT OF THE FACTS

On or about August 24, 2020, U.S. Postal Inspection Service Inspector Benjamin Whitsitt intercepted a suspicious package addressed to Shane Salas, 118 Abangbang Loop, Yigo, Guam 96929 ("Salas package"). The Magistrate Judge issued a search warrant (MJ 20-0087) permitting law enforcement to open the package. Approximately 499 gross grams of methamphetamine was concealed in tool kits, candy, children's toys, and glow sticks. The net weight of the methamphetamine is 435 net grams of methamphetamine hydrochloride with a purity of 99%.

The Magistrate Judge issued a tracking (MJ 20-0088) and an anticipatory warrant (MJ 20-0089). The 499 gross grams of methamphetamine was replaced with sham and the package placed back in the mail.

Law enforcement observed the Defendant drive up and pick up the Salas package. Defendant then drove around before returning to and entering the 118 Abangbang Loop, Yigo, Guam 96929 residence. Law enforcement saw Defendant walk towards a metal barrel / fire pit outside the residence and then re-enter the residence. Law enforcement encountered Ricky James Jr. Salas Santos as he tried to leave the residence. Law enforcement photographed the interior and exterior of the residence. Information was extracted from the Defendant's cell phones.

Defendant has filed a notice that he intends to rely on the affirmative defense of mistaken identity. (ECF 103.)

The Government intends to move for admission of its Exhibits, which include proposed Exhibits 43(a) and 43(b). These two exhibits depict two marijuana plants located by law enforcement outside of the Defendant's residence, 118 Abangbang Loop, Yigo, Guam 96929 on or about August 24, 2021.

III. ARGUMENT

In general, "[t]he court must decide any preliminary question about whether ... evidence is admissible." Fed. R. Evid. § 104(a).

On August 10, 2021 Defendant made an *oral* objection to the admissibility of Government's Exhibits 43(a) and 43(b). This motion is an unnoticed motion to suppress, filed outside the time frames for motions set forth in ECF 10, ECF 22, ECF 47 and ECF 88. After given leave to file objections to the Government's Exhibits 43(a) and 43(b), on August 11, 2021, Defendant filed what has been captioned a Motion in Limine and Brief in Support. (ECF 108). The Government notes that the deadlines for trial briefs and motions to suppress has passed. The Government notes that the Defendant captions his suppression motion as a disguised in limine motion. Said motion should have been filed as a pretrial motion under Fed.R.Crim.P.Rule 12(b)(3)(C). Defendant provides no good cause for the Court to consider this untimely motion to suppress. *See United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003). The Government notes the Government's Exhibits 43(a) and 43(b) were disclosed to the Defendant on September 9, 2020.

In the event the Court permits the untimely motion to the Government's Exhibits 43(a) and 43(b), this motion should be denied and the evidence admitted at trial. Defendant has failed to meet the time for motions to suppress under Fed.R.Crim.P. 12(b)(3)(C). The motion to suppress is untimely, and thus waived. Failure to file a timely motion to suppress constitutes

3

waiver. "Just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress." *United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987).

    **A.    The Motion to Exclude Exhibits 43(a) and 43(b)**

The "prosecution is entitled to prove its case by evidence of its own choice.." *See Old Chief v. United States*, 519 U.S. 172, 186 (1997). Evidentiary objections to Exhibits 43(a) and 43(b) should be made during the course of trial. *See* FRE 104.

The Government's Exhibits 43(a) and 43(b) are not unfairly prejudicial.

Federal Rules of Evidence § 403 states:

> **Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**
>
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

At the pretrial hearing held on August 10, 2021, defense posits that the photographs of marijuana are somehow unfairly prejudicial to the Defendant. However, the personal use of marijuana[1] is legal on Guam. This Court can take judicial notice of the Guam statute. FRE

---

[1] Title 11 Guam Code Annotated § 8103 states:
Notwithstanding any other provision of law, except as provided in this Chapter, the following acts by persons twenty-one (21) years of age or older are lawful and shall not be a criminal or civil offense under Guam law or be a basis for seizure or forfeiture of assets under Guam law:
(a) possessing, using, displaying, purchasing, or transporting cannabis accessories, one (1) ounce or less of cannabis, eight (8) grams or less of cannabis concentrate, or any cannabis-infused products containing eight hundred (800) mg or less of tetrahydrocannabinol;
(b) possessing, growing, processing, or transporting no more than six (6) cannabis plants, with three (3) or fewer being mature flowering plants, and possession of the cannabis produced by the plants on the premises where the plants were grown; provided, that the growing takes place in an enclosed, locked place, is not conducted openly or publicly, and is not made available for sale;
(c) transferring one (1) ounce or less of cannabis and immature cannabis plants; eight (8) grams or less of cannabis concentrate; or any cannabis-infused products containing eight hundred (800) mg or less of tetrahydrocannabinol to a person who is twenty-one (21) years of age or older without remuneration;

4

201. Defendant will not be prejudiced by his legal possession of two marijuana plants. The probative value of Exhibits 43(a) and 43(b), which document the condition of the residence on the date the methamphetamine was discovered outweigh any negligible prejudice to the Defendant.

Defendant argues the photographs of marijuana permit an inference that Ricky James Jr. Salas Santos has a bad character – and that he therefore acted in conformity with that bad character.

Rule 404(b) reiterates the general ban on proof by inferences from character, and applies it to evidence of acts that are "other" than the crimes charged in the indictment:

> "Evidence of **other crimes, wrongs, or acts** is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R. Evid 404(b).

Again, the possession of marijuana is legal on Guam. Defendant cannot be prejudiced by his possession of marijuana, a legal act on Guam which is not an other crime, wrong, or act.

The Government proffers Exhibits 43(a) and 43(b) for a proper purpose. The Exhibits depict the exterior and condition of the residence, 118 Abangbang Loop, Yigo, Guam, on the same date the methamphetamine was discovered. Indeed, photographs of the exterior of the residence, which include the marijuana plants, taken on the date the methamphetamine was discovered are highly relevant. Defendant has proffered his own Exhibits A-1 through A-28, which purport to depict the residence – however, the depictions in the photograph are not fair and accurate depictions of the scene at the time of Defendant's arrest. The Government's exhibits, which were taken at the time of arrest are fair and accurate depictions of the residence.

---

(d) consumption of cannabis, except that absent regulations otherwise promulgated by the Cannabis Control Board, nothing in this Chapter shall permit the consumption of marijuana in public; and
(e) assisting another person who is twenty-one (21) years of age or older in any of the acts described in Subsections (a) through (d) of this Section if such assistance is provided for a non-commercial purpose.
(f) The provisions of this § 8103 do not apply to cannabis establishments as defined in this Chapter.

5

The Government's Exhibits provide helpful background information needed to fully understand the events charged in the indictment. The Exhibits show a coherent narrative at trial.

> A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Old Chief v. United States*, 519 U.S. 172, 189 (1997).

Since marijuana is legal on Guam, possession of a legal substance is not "bad character" or "other crimes, wrongs, or acts" prohibited by the rule. The Government's photographs are fair and accurate depictions of the residence on the date of the Defendant's arrest.

Where the evidence only goes to show character . . . it must be excluded. Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect. Here, the probative value of Exhibits 43(a) and 43(b) outweighs any prejudicial effect to the Defendant. Rule 404(b) is called a rule of "inclusion," rather than a rule of "exclusion." *See United States v. Bailey*, 696 F.3d 794 (2012). The Government should be permitted to lay the foundation for admission of Exhibits 43(a) and 43(b). "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." *Bourjaily v. United States*, 483 U.S. 171, 179–180 (1987). The Jury is entitled to receive evidence that depicts the residence the same date that the methamphetamine was recovered. Additionally, a limiting instruction can be provided to the jury to confine the Exhibits 43(a) and 43(b) to their proper scope.

**B.** **The Motion to Suppress Defendant's Statements and Pretrial Drug Use**

Defendant filed a Motion in Limine and Brief in Support seeking exclusion of the Defendant's statements to law enforcement as well as any references thereto. (ECF 108).

The Government will not seek the introduction of the Defendant's statements to law enforcement at the trial.

Defendant filed a Motion in Limine seeking exclusion of the Defendant's use of methamphetamine during his pretrial release. (ECF 108). The Government reserves the right to seek the introduction of evidence of Defendant's pretrial use of methamphetamine during the course of trial. The Court will determine the admissibility of the use of methamphetamine during his pretrial release. FRE 104.

IV. **CONCLUSION**

The Government respectfully requests that the Court deny the Defendant's motion to suppress the Government's Exhibits 43(a) and 43(b). The Government will not seek the introduction of the Defendant's statements made to law enforcement during trial. The Government reserves the right to seek the introduction of evidence of Defendant's pretrial use of methamphetamine during trial.

Respectfully submitted this 12th day of August, 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and NMI


By:    /s/   Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney