JOHN T. GORMAN
Federal Public Defender

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 20-00021 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | REPLY TO GOVERNMENT'S |
| vs. | ) | RESPONSE TO MOTION IN LIMINE |
| | ) | AND RESPONSE TO 404B (ECF 101) |
| | ) | AND BRIEF IN SUPPORT |
| RICKY JAMES JR. SALAS SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ricky James Jr. Salas Santos, through counsel respectfully files this Reply to the government's Response to his Motion in Limine and Ricky's Response to government's Notice of Intent to Use 404(b) Evidence. He now respectfully requests that the Court vacate the current trial date and set a briefing schedule for substantive motions given the government's position on his Motion in Limine and Ricky's unequivocal right to Due Process and effective assistance of counsel under the Fifth and Sixth Amendments to the United States Constitution.

**I.    Timing of Disclosures and Prejudice to Ricky**

The government argues that Ricky filed an "untimely" Motion to Suppress in the

guise of a Motion in Limine. However, the record shows Ricky was never given a meaningful opportunity to file substantive motions. *See* attached chart with pertinent dates and deadlines.

On August 27, 2020, the government filed a complaint against Ricky charging him with one count of attempted possession of methamphetamine with intent to distribute. ECF 1. On September 9, 2020, the Grand Jury returned an indictment charging Ricky with one count of attempted possession of methamphetamine with intent to distribute and one count of possession of methamphetamine with intent to distribute. ECF 6.

On September 1, 2020, Ricky sent the government an 8-page, comprehensive discovery request letter. ECF 50 at Exhibit A. The government's discovery was due by September 17, 2020. ECF 10. The Court granted the government's unopposed request for additional time to provide discovery, and ordered it to provide discovery by October 1, 2020. ECF 11–12.

After Ricky and his counsel reviewed the initial discovery, it became clear supplemental discovery was needed in order to prepare motions, prepare a trial defense, and for undersigned to provide effective assistance of counsel to Ricky. As a result, on October 15, 2020, Ricky filed a motion to continue the briefing schedule and trial pending receipt of supplemental discovery, which was granted. ECF 18, 22.

On October 19, 2020, Ricky propounded his First Supplemental Discovery Request via email requesting 10 different categories of items and requesting to set up a time to view the government's unredacted discovery file. ECF 50 at Exhibit B. At

2

a detention hearing on October 24, 2020, Magistrate Bordallo ordered the government to provide the defense with all exculpatory evidence pursuant to the Due Process Protections Act and *Brady v. Maryland* and its progeny. ECF 24; *see* FED. R. CRIM. P. 5(f) (2020). The Court further warned "failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court." *Id*.

Three months later, on January 5, 2021, with the motions deadline again quickly approaching and almost all of the supplemental discovery still outstanding, undersigned sent an email to the government about the outstanding supplemental discovery. ECF 50 at Exhibit C. The next day, Ricky again filed a motion to continue the briefing schedule and trial for a period of 90 days to allow to government to provide the requested discovery, which was again granted. ECF 46–47.

On February 19, 2021, undersigned sent another email inquiring about the outstanding First Supplemental Discovery Request from October of 2020. ECF 50 at Exhibit D. The email noted that only documents relating to Coast Guard Officer Wellin were produced, with almost all other requested materials outstanding. In addition, this email contained a Second Supplemental Discovery Request seeking the Grand Jury transcript.

Motions were due by April 7, 2021. ECF 47. Well before this deadline, on March 3, 2021, Ricky filed a Motion to Compel Production of Discovery. ECF 50. On April 7, 2021, he also filed a Motion to again vacate the trial and briefing schedule until after

3

resolution of the Motion to Compel. ECF 60. On April 23, 2021, the Court issued an order vacating the trial and all related deadlines until after resolution of the discovery litigation. ECF 73.

Between March 4, 2021 and the hearing on the Motion to Compel on June 8, 2021, the government propounded 6 additional sets of Discovery (March 4, 2021 = RSANTOS-00385 to RSANTOS-00404; March 5, 2021 = Grand Jury Transcript; March 8, 2021 = RSANTOS-0405 to RSANTOS-00419; March 9, 2021 = lab results for DEA Exhibits 9 and 12; March 11, 2021 = RSANTOS-00434 to RSANTOS-00477; June 7, 2021 (the day prior to the hearing on the Motion to Compel) = Field Notes of HSI Officer Fejeran).

On June 8, 2021, the parties attended the hearing on Ricky's Motion to Compel Discovery before Magistrate Bordallo. ECF 87. The Court orally granted almost all of Defendant's motion and took the issue regarding production of police policy and procedure manuals under advisement. *Id*. On July 6, 2021, Magistrate Bordallo issued his written order granting in part and denying in part Ricky's Motion to Compel Discovery. ECF 87. On that same date, the Court also issued the Third Amended Trial Scheduling Order but neglected to set a substantive motions deadline and briefing schedule. ECF 88.

After the hearing on the Motion to Compel, on June 18, 2021, the government propounded RSANTOS-00486 to RSANTOS-00487. On July 16, 2021 it propounded RSANTOS-00488 to RSANTOS-00490. On July 20, 2021, Ricky timely appealed the Magistrate Judge's decision denying production of the policy and procedure manuals.

4

ECF 91.

The parties attending a telephonic Status Hearing before the Chief Judge on July 29, 2021, wherein undersigned again requested that a substantive motions deadline and briefing schedule be set for sometime after a decision on the appeal of the Motion to Compel Discovery. ECF 96. The Court set a hearing on the appeal of the Magistrate's decision for August 16, 2021 and noted scheduling for trial and related matters would be discussed at that hearing; however, on Friday, August 6, 2021, the Court vacated that hearing and issued an order affirming the Magistrate's decision and setting trial for August 17, 2021. ECF 100. It further ordered that all of Defendant's trial materials were due on Monday, August 9, 2021 and set a Final Pretrial Conference for August 10, 2021. *Id*. This order also did not contain a substantive motions deadline or briefing schedule.

Until the litigation on the Motion to Compel was completed on August 6, 2021, the discovery process was still ongoing. Ricky was unable to file substantive motions because it was unclear whether the Court would grant his motion for the supplemental discovery he sought. It would have been ineffective to file Rule 12(b) motions prior to having the discovery process completed and not having all the information to which he is entitled.

Since Ricky has a right to a speedy trial and is coming up on one year since his indictment, Defense advised the Court that they would be willing to move forward with the trial date as scheduled on August 17, 2021, as long as Ricky was at least allowed to file Motion in Limine regarding evidence he believes is inadmissible and prejudicial.

5

This was the first opportunity Ricky had to address substantive evidentiary issues after completing discovery. Ricky is not seeking to do an end-run around justice and file sneaky and untimely motions; rather he is seeking to exercise his right to Due Process and his right to effective assistance of counsel since he was never given a meaningful opportunity to file Rule 12(b) motions. He now requests that opportunity be given to him and that he be allowed to make a full and meaningful record on evidentiary issues by vacating the trial and setting a briefing schedule.

**II.     Argument**

    **A.     Unconstitutional Custodial Interrogation**

While the government asserts it will not be using Ricky's statement, it is clear the government and its witnesses intend to use inferences made therefrom and fruit of the poisonous tree growing from the taint of the two unconstitutional custodial interrogations. In fact, the government relied on these unconstitutionally-obtained statements in its oral arguments to admit the marijuana pictures. The government also discussed comments Ricky made regarding ownership of certain items located during the search in its written Response: "Defendant will not be prejudiced by *his* legal possession of two marijuana plants." Gov.'s Resp., ECF 113 at 5 (emphasis added). The only reason the government has cause to suggest the plants are *his* is from the unconstitutional interrogations and comments Ricky made therein.

    **B.     Government's Proposed Exhibits 43(a) and (b)**

The government argues the photos are not prejudicial because marijuana is "legal" on Guam. This ignores the fact that marijuana is, in fact, *illegal* under federal

6

law, and this case is being tried in the federal District Court. So, while the Court can certainly take judicial notice of the Guam statute, it can also take judicial notice of the Controlled Substances Act and the Supremacy Clause of the United States Constitution, which trump Guam's local law. Also, it is undeniable that there exists a lingering stigma around marijuana and conflicting views on whether it is "a drug" or "a medicine." These photos constitute inadmissible character evidence that Ricky is a drug user and are irrelevant.

### C. July 2020 Package

The government did not respond to Ricky's arguments to preclude the introduction of evidence regarding the July 2020 package other than to claim it was an untimely motion to suppress. Despite repeated requests for lab results, and specifically requesting DEA Exhibit 6's lab result, the government refused to provide the lab report. On the eve of trial, it amended its exhibit list to include DEA Exhibit 6's lab result and emailed a copy of the lab report to Ricky in an effort to overcome his argument to preclude this evidence.

Even after being ordered to provide missing reports in the order compelling discovery, the government made the decision to withhold that report. It had several opportunities to produce this report and made a conscious decision not to do so. It should now suffer the consequences of this violation of the Court's order, and both this report and any mention of the July 2020 package must be excluded as a result.

### III. Conclusion

Based on the foregoing, Ricky respectfully moves the Court for an order vacating

the current trial setting, and setting a motions deadline and briefing schedule allowing him to appropriately address his Rule 12(b) motions.

DATED: Mongmong, Guam, August 12, 2021.

/s/



Briana E. Kottke
Assistant Federal Public Defender
District of Guam

Attorney for Ricky James Jr. Salas Santos