SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 20-00021 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| RICKY JAMES JR. SALAS SANTOS, | |
| Defendant. | |

COMES NOW, the United States of America ("Government"), by and through the undersigned Assistant U.S. Attorney Rosetta L. San Nicolas, and hereby files this Sentencing Memorandum. The Government recommends that the Court impose 51 months imprisonment for the offense of Attempted Possession with Intent to Distribute Fifty Grams or more of Methamphetamine Hydrochloride.

I. **STATEMENT OF FACTS**

On or about August 24, 2020, U.S. Postal Agents intercepted a package addressed to Shane Salas, 118 Abanbang Loop, Yigo, Guam 96929. The Magistrate Judge authorized a search of the package revealing children's glow sticks, toys, candy, and tool kits. Approximately 435 net grams of methamphetamine hydrochloride with a purity of 99% was concealed within the toys and tool kits. The methamphetamine was replaced with a sham product and a breaching device placed in

the package.

On or about August 26, 2020, Ricky James Jr. Salas Santos ("Defendant") picked up the package. Defendant took the package into the 118 Abanbang Loop residence, he then burned the package and the breaching device in a 55-gallon metal barrel. Law enforcement detained the Defendant and extracted information from the Defendant's cellular phones. Law enforcement then searched the residence and discovered additional methamphetamine hidden in a bag of Cesar's dry dog food.

On August 16, 2021, Defendant entered a Plea Agreement to Attempted Possession with Intent to Distribute Fifty grams or More of Methamphetamine Hydrochloride. ECF No. 119.

## II. PRESENTENCE INVESTIGATION REPORT

The Government adopted the draft presentence report with the exception that the Defendant's base offense level is 30, and that the Defendant is a minor participant pursuant to the United States Sentencing Guidelines ("U.S.S.G.") section 3B1.2(b). ECF No. 126.

## III. SENTENCING CALCULATIONS

The base offense level for Attempted Possession with Intent to Distribute Fifty grams or more of Methamphetamine Hydrochloride is 30 due to the mitigating role. *See* U.S.S.G. § 2D1.1(a)(5). A reduction of -3 is applied for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) and (b). Defendant is eligible for relief under the safety valve, and a -2 is applied. *See* U.S.S.G. § 5C1.2. Application of minor participant results in a reduction of -2. *See* U.S.S.G. § 3B1.2(b). Defendant's adjusted offense level is 23. Defendant's criminal history category is I. The final guideline calculation is 46 to 57 months.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In *United States v. Booker*, the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." *United States v.*

*Booker*, 125 S.Ct. 738, 756-57 (2005). As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guideline ranges, *see* 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Id*. at 757. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. at 767; *see* 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public...." *Id.* at 765; *see* 18 U.S.C. § 3553(a)(2). In *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), the Ninth Circuit reiterated that the Guidelines are the starting point for a district court in determining a reasonable sentence. *Id.* at 1169. A district court, however, must not accord more weight to the Guidelines than the other Section 3553(a) factors. *Id*. at 1171.

The Government addresses each of the Section 3553(a) factors as follows:

1. <u>Nature and circumstances of the offense and the history and characteristics of the defendant</u>:

Defendant attempted to receive 435 net grams of methamphetamine hydrochloride with a purity level of 99% at a family home. Defendant attempted to conceal his activity by burning the packaging material and the breaching device in a 55-gallon drum.

2. <u>Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense</u>:

A mid-range sentence within the guidelines will impress on Defendant the seriousness of the offense and will promote respect for the law.

3. <u>Need for sentence imposed to afford adequate deterrence to criminal conduct</u>:

A mid-range guideline sentence will deter Defendant from committing additional crimes of this nature. A mid-range guideline sentence will deter others from abusing the U.S. Postal

System to receive methamphetamine.

4. <u>Need for sentence imposed to protect the public from further crimes of the Defendant:</u>

A mid-range guideline sentence will protect the public from further crimes of the Defendant.

5. <u>Need for sentence imposed to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner:</u>

A mid-range guideline sentence will provide the Defendant with the opportunity to obtain vocational, medical, or similar correctional treatment. This is especially important given that the Defendant has expressed an interest in obtaining his high school equivalency.

6. <u>The kinds of sentences available:</u>

The sentence range is a Class A felony.

7. <u>The kinds of sentence and the sentence range established under the Guidelines:</u>

The Guidelines provide for a range from 46 to 57 months imprisonment in this matter. The Defendant has no criminal history. A mid-range guideline sentence of 51 range is fair and reasonable given the Defendant's relevant conduct.

8. <u>Any pertinent policy statements issued by the Sentencing Commission:</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:</u>

A sentence in the middle of the guideline range is consistent with that applicable to similarly situated defendants and will therefore not create disparities among defendants convicted of a similar crime.

10. <u>Need to provide restitution to any victims of the offense:</u>

Not applicable.

## V. CONCLUSION

For the foregoing reasons, the Defendant should be sentenced to a term of imprisonment within the middle of the guidelines range, or 51 months imprisonment. The Government submits that such a sentence is appropriate and reasonable given the applicable Guideline range and the factors set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 1st day of November, 2021.

SHAWN N. ANDERSON<br>
United States Attorney<br>
Districts of Guam and the NMI

By:   <u>/s/ Rosetta L. San Nicolas</u>
      ROSETTA L. SAN NICOLAS
      Assistant U.S. Attorney