JOHN T. GORMAN
Federal Public Defender

BRIANA E. KOTTKE
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111

Attorney for Ricky James Jr. Salas Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 20-00021 |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | ) ) | |
| RICKY JAMES JR. SALAS SANTOS, | ) ) | |
| Defendant. | ) ) | |

Ricky James Jr. Salas Santos, through counsel, respectfully files this Sentencing Memorandum in support of his upcoming Sentencing Hearing.

**<u>Objections</u>**

Ricky continues to respectfully object to the PSR's designation of him as an average participant. Both the government and Ricky agree that he is a minor participant, and Ricky's plea agreement reflects this understanding. *See* Plea Agreement, ECF 119 at 7–8.

The PSR has his base offense level as 32 (¶ 27); however, this should be amended to a base offense level of 30. Under U.S.S.G. § 2D1.1(a)(5), if a defendant is given a mitigating role reduction and has an offense level of 32 under the Drug Quantity Table, their base offense level is decreased by 2, to a base offense level of 30. Therefore, paragraph 27 of the PSR should be amended to a base offense level of 30.

Paragraph 30 of the PSR does not reflect a mitigating role reduction. Ricky is entitled to at least a 2-point reduction for his role in this offense under U.S.S.G. § 3B1.2. As mentioned by the government at his Change of Plea Hearing, Ricky's role in the offense was minor as compared to others who are being investigated. The parties agree that Ricky is entitled to a minor role reduction, which was reduced to writing and specifically negotiated in the plea agreement at ECF 119, page 8. Therefore, paragraph 30 should be amended from a zero to a "-2".

After this adjustment is made, paragraph 32 needs to be amended to reflect an Adjusted Offense Level of 26 rather than 30. After acceptance of responsibility points are subtracted, Ricky's Total Offense Level should be a 23 rather than a 27. Once those changes are made, and with a Criminal History Category of I, the advisory sentencing guidelines range should be 46–57 months, and paragraph 81 should be amended to reflect this lower advisory range after inclusion of the minor role reduction.

**Sentencing Recommendation**

After accounting for the minor role reduction, Ricky respectfully requests a

sentence of 46 months of imprisonment, which is the low-end of the guideline, followed by 3 years of supervised release. He also requests a recommendation for RDAP and any appropriate educational programs, most importantly a GED program.

DATED: Mongmong, Guam, November 5, 2021.

/s/



Attorney for Ricky James Jr. Salas Santos